BARTHELEMY BOUCHE *v.* JOHN PIERRE MICHEL, Administrator of the Succession of Pierre Barron, deceased.

An allegation, in an action to recover a sum of money, that it was loaned to the defendant, is not supported by proof of a deposit.

Where the defendant in an action to recover a sum of money as a loan, avers that the amount was paid to him as earnest on a contract for the purchase of real estate, parol evidence will be admissable to establish the averment. It cannot be excluded, on the ground that it tends to establish a sale of real property.

APPEAL from the Court of Probates of East Baton Rouge, *Tessier*, J.

MARTIN, J. The plaintiff is appellant from a judgment which discharges the defendant from the plaintiff's claim for $372, alleged to have been loaned by the former to the defendant's testator.

The claim was resisted on the allegation that the sum paid by the plaintiff to the deceased, was not loaned, but paid as an earnest, on a bargain between the plaintiff and the latter, for the purchase of a half lot of ground which the plaintiff desired to acquire.

The court sustained the defence and gave judgment for the defendant, and the plaintiff appealed.

The following disclosures were drawn from the plaintiff by interrogatories. He agreed with the defendant's testator to purchase the half lot, for fourteen hundred dollars. The sale was not passed, the vendor saying that he had to go to the Court of Probates first, and they then agreed that there was nothing done. Afterwards he gave him the sum claimed, *as a deposit.*

Legendre deposes, that the plaintiff told him he had made the purchase for fourteen hundred dollars, and paid on account three hundred dollars in cash and seventy in goods. The witness informed the plaintiff of the vendor's inability to make a

title on account of his minor children, and the plaintiff replied that he would go and see the judge. He did so, and the parties agreed to delay making the title until the court met and there might be a family meeting; and he would then pay the balance of the price.

Duplantier deposes, that the plaintiff told him he had purchased the ground.

Bonsirven deposes, that the plaintiff told him (Bonsirven) he had purchased the ground. The witness accompanied the vendor when he went to offer to make a title; and the plaintiff replied that he was not ready to receive it, not being prepared to pay the balance of the price. The plaintiff told the witness that he was to give sixteen hundred dollars therefor, and had paid on account two or three hundred dollars.

Duprey deposes, that he saw the plaintiff counting one hundred and twenty-five dollars to the testator; on which he said this is three hundred and seventy-five dollars which you owe me, and the testator answered "yes" several times; requested the plaintiff to make a memorandum, and he would do the same.

Carmena deposes, that he was consulted by the plaintiff on the cost of a house to be built on the premises; and informed witness that he had bought it for about fourteen hundred dollars, near three hundred of which were to be paid in cash, and the balance on receiving the title.

The parol testimony was excepted to on the ground that it tended to establish a contract of sale of real property.

It does not appear to us that it was improperly received; the question before the court related to the nature of the bailment of a sum of money, which both parties admitted to have been made by one of them to the other, the plaintiff having averred in his petition that it was on a loan, and in answer to interrogatories, a deposit; and the defendant that it was on neither of these contracts, but on one of sale.

The plaintiff's claim being on a loan must have been supported by proof corresponding thereto; it could not be by the proof of the deposit. Admitting, however, that the averment of a deposit not having been objected to nor required to be stricken out, the plaintiff may avail himself of it, the parol

testimony is properly admissible to show that there was neither loan nor deposit.

It appears to us that justice requires that the case should be remanded, in order to afford to both parties the opportunity of putting the facts of the case more clearly before the court.

It is, therefore, ordered, that the judgment be annulled and reversed, and the case remanded for further proceedings according to law; the appellee paying the costs of the appeal.

*Burk* and *Herron*, for the appellant.

*Avery*, for the defendant.