## No. 1434.—JOHN W. BARRY *v.* WM. S. PIKE.

A mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it.

A mandatary is responsible to those with whom he contracts only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.

Where the evidence in the record leaves the question of fact in doubt as to whether the agent is personally responsible on a note which he has given, the case will be remanded for the purpose of receiving further testimony on the point.

APPEAL from the Sixth District Court of New Orleans. *Duplantier, J. Cooley & Phillips,* for plaintiff and appellee. *Hays & New,* for defendant and appellant.

HOWE, J. This suit was instituted upon the following note:

"$3357 07.                        BATON ROUGE, March 27, 1862.

"Six months after date we promise to pay to the order of W. D. Phillips, Esq., and at the branch of the Louisiana State Bank, Baton Rouge, thirty three hundred and fifty-seven dollars and seven cents, in full for ninety bales cotton purchased this day.

"S. M. HART & CO."

The note was endorsed by its payee, and transferred to plaintiff long after maturity, and the case is therefore to be decided as if the suit had been brought by the payee.

The answer admits that the defendant "was a member of the firm of S. M. Hart & Co., which in the year 1861, on the failure of the Legislature of Louisiana to make provision for carrying on the State Penitentiary at Baton Rouge, was appointed by Governor Moore agents of the State to conduct said Penitentiary, and to perform such acts and

make such purchases as were necessary to keep the convicts therein employed, and thus save the State the expense of their maintenance. That as such some cotton was purchased of W. D. Phillips, of Baton Rouge, and the note herein sued on given as an evidence of a claim against the State of Louisiana.

"That Phillips, a resident of Baton Rouge, was well acquainted with all the facts; that in selling said cotton he knew that S. M. Hart and respondent were acting as agents of the State of Louisiana in purchasing the same, and that credit was given to the State and not to S. M. Hart & Co., and that S. M. Hart & Co. in no way held themselves out as principals, but in all respects conducted themselves as agents, and that if the note in question is not signed ' as agents ' by S. M. Hart & Co., it was due to a clerical error, and with no intention of executing any other obligation than one against the State of Louisiana."

There was judgment for plaintiff, and defendant has appealed.

It appears in evidence that at the same time the note was executed the payee, Phillips, signed the following bill and receipt:

" S. M. Hart & Co., Agents Louisiana Penitentiary:

"To W. D. PHILLIPS:

"For ninety bales cotton, 39,495 ℔s., at 8½ cents............$3,357 07
Commissions 2¼ per cent............................... 83 93
                                                    _____
                                                    $3,441 00

" Received, Baton Rouge, March 27, 1862, of S. M. Hart & Co., agents Louisiana Penitentiary, their note at six months for the sum of thirty-three hundred and fifty-seven and seven one-hundredth dollars, being for amount of above bills. .  ,          W. D. PHILLIPS."

The commissions in this bill were inserted by way of memorandum, in keeping the account between the State and S. M. Hart & Co., purchasing agents, as by the terms of their employment they were to receive two and a half per cent. for buying, and are not included in the amount of the note.

The defendant has introduced evidence to show that the firm of S. M. Hart & Co. was established solely for the purpose of acting as agents for the State in managing the business and mechanical departments of the Penitentiary, and had no other existence or purpose; that the fact was well known in Baton Rouge; that Phillips was an intimate business and social acquaintance of defendant; that the cotton in question was purchased for account and use of the State, and so charged on the books of the agents, and was manufactured into cotton goods for account of the State.

As stated by counsel on both sides, the main question in the case is, to whom was the credit given in this transaction? Upon the strength of the bill and receipt signed by Phillips at the time, and other evidence in the record, the defendant strenuously contradicts that the credit was given to the State, and that the holding of S. M. Hart & Co. to a personal liability on the note did not enter into the contemplation of the parties at the time the note was made.

In the case of Sclaroderie *v.* Hart, 20 An. p. 126, it was held that where the defendants, as agents for the Penitentiary, contracted with plaintiffs for a lot of lumber to be used in moving the machinery, and the bill for the price of the lumber was made out against them as agents, they could not be held personally liable, the plaintiffs having admitted their agency, and dealt with them in their representative capacity.

We do not perceive that this case differs from that, except in the fact that the note was given; and it cannot be doubted that the origin and consideration of that note may be inquired into in the hands of the plaintiff, who took it some three or four years after it fell due. We think the law has been well settled in this State since the case of Krumbaar *v.* Ludeling, 3 Martin 644. That of the defendant, maker of a note, shows that he was a mere agent throughout the whole transaction, and that within the knowledge of the plaintiff or of the payee in a case like this, the note is not binding on him, "because in the language of the court in that case he is not a party to the contract, and as far as it relates to him it is without consideration; and the attempt to enforce it is a violation of that evident justice and good faith which ought to direct and govern in all contracts." 10 L. 390; 11 L. 13; 3 R. 381.

It is, however, contended by plaintiff that S. M. Hart & Co. exceeded their authority in making the note, and they must therefore be personally bound by that note on the general principles of the law of agency in this regard. But we apprehend that the reason of the rule that an agent who exceeds his authority is personally bound, is that he misleads the party with whom he contracts, and is therefore held on the ground of misrepresentation. The reason of this rule being absent, the rule ceases. It is provided, therefore, by the Civil Code (2981–2) that " the mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee;" and that " the mandatary is responsible to those with whom he contracts only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers." And, therefore, in the case of Trastour *v.* Fallon, 12 An. p. 28, this Court said in discussing a similar question, that " to hold the defendant's liable the plaintiff must show that he contracted with them personally, or that they misled him by assuming to act for others without sufficient authority."

If S. M. Hart & Co. exceeded their authority in making the note in suit, and yet the limitations of that authority were known to the payee, the plaintiff could not, on that ground simply, recover; and on the other hand, if the note by which the plaintiff claims that S. M. Hart & Co. bound themselves personally, was given as claimed in the answer, the plaintiff in the authority of Krumbaar *v.* Ludeling and the subsequent decisions, could not, on that ground alone, recover.

The question still recurs, to whom was the credit given? Upon the record as it comes to us, we do not feel justified either in affirming the judgment, or in rendering a judgment in favor of defendant. It seems to be one of those cases which justice requires to be remanded, in order that the main question as a question of fact may be settled by further testimony. C. P. 906.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed, and that the cause be remanded for a new trial, the appellee to pay the costs of the appeal.