Cole vs. Smith.

No. 702.

E. H. Cole, Administrator, vs. James Smith, Administrator.

$\frac{29}{112}$ $\frac{551}{742}$

Parol evidence is admissible to explain that a party's name on a negotiable instrument was not intended as an indorsement.

APPEAL from the Twelfth Judicial District Court, parish of Catahoula. *Taliaferro*, J.

*Wade R. Young*, for plaintiff and appellee.

*Boatner & Elam*, for defendant.

The opinion of the court was delivered by

MANNING, C. J. The representative of Ranson Riddick's estate is sued for his alleged liability as indorser of a promissory note.

J. A. White executed the note in favor of Riddick in payment of a tract of land sold him. At its maturity White was unable to pay the whole sum due, and agreed with John Cole to sell him one half of the land in consideration of his paying the residue of the note. Cole, White, and Ranson Riddick went to Noah Riddick's house to perfect this arrangement and take up the note. Noah narrates the way in which it was done.

He was debtor to Cole for fifteen hundred dollars, about the sum still due on the note, and gave a draft for it to the holder, Ranson Riddick, in payment of the note. This draft was paid, and Ranson was satisfied. Ranson then wrote his name on the back of the note, as is often done by a holder of a note or draft when payment is received. He is sued upon that indorsement, and when his representative offers to prove how it was made, for what purpose, the circumstances attending the act, and the intent of all the parties, he is met by the objection that parol evidence is not admissible to contradict or vary the terms of a written instrument.

The object of the testimony was to prove payment, and to explain that what was in appearance an indorsement in the legal and commercial sense of that word, was, in fact, a receipt. It has been often held that such testimony was admissible for that purpose. Frique vs. Hopkins, 4 New Series, 222; Peytavin vs. Maurin, 2 La. 481; Bethany's case, 7 Rob. 61; Bouche vs. Michel, 10 Rob. 92; Saramia vs. Courrégé, 13 Annual, 25. It could not be otherwise. Courts of justice would be a mockery if the rules of evidence applied by them excluded the ascertainment of the circumstances attending such a transaction as this, or permitted the holder of an instrument, delivered to him for a specific purpose, to make it available for another and wrongful one. Cole took possession of the note to hold it against the maker until the title to one half of the land should be made to him. As to Riddick, it was a receipt.

There was judgment for plaintiff. The testimony showing the real

character of the legal act which resulted in Ranson Riddick writing his name upon the paper was improperly excluded. The authorities cited by plaintiff relate to a different prohibition.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favor of defendant with costs of both courts.