(99 South. 586)

No. 25923.

## A. LORENZE CO. v. PENN–LOUISIANA OIL & GAS CO., Inc.

(March 3, 1924.)

*(Syllabus by Editorial Staff.)*

Corporations ⟜298(2)—Note authorized at irregular directors' meeting in another state invalid.

A note executed by a corporation pursuant to a resolution authorized at a directors' meeting held in another state, without the unanimous consent of the board of directors, *held* invalid in view of Act No. 267 of 1914, repealing Rev. St. § 741, and of Rev. Civ. Code, art. 12.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by the A. Lorenze Company against the Penn-Louisiana Oil & Gas Company, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

Guion & Lambremont, of New Orleans, and H. K. Strickland, of Baton Rouge, for appellant.

Laycock, Borron & Laycock and J. Y. Sanders, Jr., all of Baton Rouge, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J., was recused, and DAWKINS, J., was assigned to this division of the court.

O'NIELL, C. J. This is a suit on a promissory note for $3,200. The demand was rejected, and the plaintiff has appealed.

The vice president of the defendant corporation signed the note for the corporation, because the president, A. Lorenze, was president also of the A. Lorenze Company, to whom the note was made payable.

One of the defenses to the suit is the plea that A. Lorenze had the note made payable to the A. Lorenze Company, instead of having it made payable to himself, by deceiving the vice president, and that Lorenze's purpose was to evade a debt which he owed to the defendant. The plea was, in a measure, supported by the testimony of the vice president of the defendant corporation.

But there is a defense which is decisive of the case. The defendant is a Louisiana corporation; and the directors' meeting at which the resolution authorizing the issuance of the promissory note was adopted was held in Pennsylvania, without the unanimous consent of the board of directors to hold the meeting elsewhere than at the domicile of the corporation. Section 2 of Act 267

of 1914, enumerating the requirements of a Louisiana act of incorporation, declares, in paragraph (f), that the domicile of the corporation:

"shall be within this state, where all meetings of the stockholders or directors must be held; provided, that with the written consent of all the directors, valid meetings of directors may be held outside the state or within the state elsewhere than at its domicile."

It is contended by counsel for appellant that, inasmuch as the statute does not in terms declare that a directors' meeting held elsewhere than at the domicile of the corporation, without the written consent of all of the directors, shall not be valid, therefore, such a meeting held elsewhere than at the domicile of the corporation is valid. In support of the argument, we are reminded that section 741 of the Revised Statutes, which was repealed by the Act 267 of 1914, did, in terms, declare:

"And any such meeting held elsewhere, and any business transacted at any meeting held elsewhere, shall be unlawful and of no effect."

It is not reasonable to suppose that the Legislature, in prohibiting the directors of a corporation to hold their meetings elsewhere than at the domicile of the corporation, intended that meetings held in violation of this prohibitory law should be valid. Whatever is done in contravention of a prohibitory law is void, even though the result be not so declared in the statute. Rev. Civ. Code, art. 12. In this statute, the proviso, that "valid meetings of directors may be held outside of the state," etc., "with the written consent of all the directors," means—for it cannot mean anything else than—that, without the written consent of all of the directors, such meetings held outside of the state are not valid.

The issuing of the promissory note in this case was not one of the ordinary transactions for which the vice president, or even the president, had general or implied authority.

The corporation did not receive any cash or other consideration for the note when it was given. It was issued on the supposition or statement of A. Lorenze that the defendant corporation was under an obligation to the A. Lorenze Company, the truth of which need not be considered now. It is sufficient to say that the vice president of the defendant corporation was not authorized to assume the supposed obligation for the corporation, or to issue the corporation's unconditional obligation in lieu of it.

The judgment is affirmed at appellant's cost.