(115 So. 475)

No. 27843.

## A. LORENZE CO. v. WILBERT.

Jan. 18, 1928.

*(Syllabus by Editorial Staff.)*

**1. Pleading ⬅9—Supplemental petition alleging corporate officer, sued on note, 'had no authority to sign held but conclusion from facts in original petition alleging want of authority by invalidity of resolution authorizing signing.**

In suit on note signed by vice president of maker company based on ground that vice president was personally liable because he signed note without authority of corporation due to invalidity of resolution authorizing vice president to sign note, allegation in plaintiff's supplemental petition that vice president had no authority whatever to sign note added nothing to cause or right of action, but must be regarded merely as conclusion from facts alleged in original petition.

**2. Appeal and error ⬅837(2) — Supreme Court's opinion in former action against corporation on note must be looked to in determining whether reason therein is sufficient to decide liability of officer sued on note.**

In suit against defendant individually on note signed by him as vice president of corporation, to which was attached pleadings in original action against corporation and opinion and decree by Supreme Court declaring corporation not liable on note, former opinion must be· looked to to ascertain whether reason given therein for absolving corporation from liability was sufficient to decide whether defendant is liable on note.

**3. Bills and notes ⬅453—Action by original payee on note is subject to all defenses available against nonnegotiable instrument.**

In suit on note by original payee action is subject to all equities and defenses that could be pleaded if suit were on nonnegotiable instrument.

**4. Corporations ⬅306—Vice president signing note for corporation though authority to sign was invalid held not personally liable to payee fully informed regarding authority to sign (Civ. Code, arts. 3012, 3013).**

In suit by payee on note signed by corporation by its vice president, seeking to charge vice president personally by reason of invalidity of resolution authorizing him to sign note, where pleadings and proof showed no element of fraud by vice president as to his authority to sign corporation's name and payee was informed fully .with regard to vice president's authority, vice president was not personally liable on note, under Civ. Code, arts. 3012, 3013, providing that mandatary is responsible only when he has bound himself personally or when he has exceeded his authority without exhibiting his powers.

**5. Principal and agent ⬅150(3)—Mandate; statute making mandatary exceeding his authority without "exhibiting his powers" responsible means without having explained or made known authority (Civ. Code, arts. 3012, 3013).**

Civ. Code, art. 3013, providing that mandatary is responsible to those with whom he contracts when he has exceeded his authority without having "exhibited his powers," means without having explained or made known by what authority he claims right to act as mandatary and has same meaning as article 3012, requiring mandatary to communicate his authority.

**6. Principal and agent ⬅149(2), 150(3)—Mandate; agent exceeding authority or acting without authority is not personally bound, unless other party was misied.**

One who contracts as agent for another is not bound personally if it develops that he exceeded his authority or acted without legal authority, unless other party to contract was misled or deceived.

**7. Principal and agent ⬅149(2), 150(3)—Mandate; agent exceeding authority or if authority is invalid is not bound personally if other party is informed.**

If party to contract was fully informed of facts concerning agent's authority to contract for another, agent is not bound personally if he exceeds his authority, or if it develops that supposed authority was invalid.

Appeal from Eighteenth Judicial District Court, Parish of Iberville; Wm. C. ·Carruth, Judge.

Suit by the A. Lorenze Company against Frederic Wilbert. From a judgment dismissing the suit on an exception of no cause of action, plaintiff appeals. Affirmed.

Guion & Lambremont, of New Orleans, and H. K. Strickland, of Baton Rouge, for appellant.

Laycock, Holcombe, Borron & Laycock, of Baton Rouge, for appellee.

O'NIELL, C. J. The plaintiff has appealed from a judgment dismissing this suit on an exception of no cause of action. The suit is on a promissory note for $3,200, dated the 26th of April, 1919, payable to the order of the plaintiff, A. Lorenze Company, and signed: "Penn La. Oil & Gas Co., Inc., by Frederic Wilbert, Vice President." The note is the one that was sued on in the case of A. Lorenze Co. v. Penn-Louisiana Oil & Gas Co., Inc., 155 La. 749, 99 So. 586. The defendant in that suit pleaded that the vice president, Wilbert, was not legally authorized to sign the note; whereupon the plaintiff, by supplemental petition, had Wilbert cited as a party defendant and asked for a judgment against him personally, if the court should hold that he was not authorized to sign the note. Wilbert, being a resident of another parish than that in which the suit was pending, declined to submit to the jurisdiction of the court, and his plea was sustained and the suit dismissed as to him. After trial of the case against the Penn-Louisiana Oil & Gas Company, the plaintiff's demand was rejected and the suit dismissed; and on appeal to this court the judgment was affirmed, on the ground that the meeting of the board of directors of the Penn-Louisiana Oil & Gas Company, at which the resolution was adopted, purporting to give authority for the note to be issued, was held in Pennsylvania, and the corporation was organized under the laws of Louisiana and domiciled in this state, and therefore, under section 2 of Act 267 of 1914, the resolution was not valid. See A. Lorenze v. Penn-Louisiana Oil & Gas Co., 155 La. 749, 99 So. 586.

Thereafter, the plaintiff brought this suit against Wilbert, averring that he was liable personally for the amount of the note because he had signed and issued it without the authority of the corporation, as whose agent he acted. The plaintiff annexed to and made a part of the petition in this suit a certified copy of (1) the original petition, (2) the supplemental petition, (3) the citation addressed to Frederic Wilbert, (4) the sheriff's return thereon, (5) Wilbert's plea to the jurisdiction of the court ratione personæ, and (6) the opinion and decree rendered by the Supreme Court, all in the case of A. Lorenze Co. v. Penn-Louisiana Oil & Gas Co., which we have referred to.

The only allegations that refer at all to Wilbert's want of authority from the Penn-Louisiana Oil & Gas Company to sign the note, in the petition in the present suit, are contained in the following paragraphs of the petition, viz.:

"That the matters at issue in said suit [meaning the suit of A. Lorenze Co. v. Penn-Louisiana Oil & Gas Co., supra] were decided against petitioner herein in said trial court; and that it appealed to the Supreme Court of Louisiana, which honorable tribunal, after due hearing, handed down a decision affirming the decision of said trial court, as will fully appear from a certified copy of the opinion and decree of said Supreme Court, attached hereto and made a part hereof, and that the same has become final.

"That the said Supreme Court decided that the said Frederic Wilbert, the vice president of said Penn-La. Oil & Gas Company, Inc., signed said note without authority.

"That, since the said Wilbert signed said note as vice president of the Penn-La. Oil & Gas Company, Inc., without authority, he became personally liable for the amount thereof."

The defendant, Wilbert, in the present suit, filed the exception of no cause of action, which was heard and overruled. Wilbert applied for a new trial or rehearing of his exception, which the court granted. Thereupon, and before the exception was again argued or submitted, the plaintiff filed a supplemental petition, in which, after reiterating and adhering to the allegations of the origi-

nal petition, plaintiff averred that Wilbert was without authority from the Penn-Louisiana Oil & Gas Company to sign the note sued on, not only for the reasons given by the Supreme Court in its opinion and decree in the former case, but also because, at the time when Wilbert signed the note, on the 26th of April, 1919, he had not been given any authority by the Penn-La. Oil & Gas Company, Inc., or by any one authorized to represent it, to sign or execute the note, and that his doing so, as he did, was without any authority whatever.

The defendant, Wilbert, objected to the supplemental petition on the ground that the allegation that Wilbert had no authority whatever to sign the note was a contradiction of the allegation in the original petition that his want of authority was due to the invalidity of the resolution of the board of directors of the Penn-Louisiana Oil & Gas Company purporting to give authority for the note to be issued. The objection to the supplemental petition was overruled. The defendant then pleaded that the supplemental petition, taken in connection with the allegations of the original petition, and the documents annexed thereto and made part thereof, showed that the plaintiff had no cause or right of action. The exception was sustained, and the suit dismissed. The plaintiff has appealed from the decision.

[1] The allegation in the plaintiff's supplemental petition, that Wilbert had no authority whatever to sign the note for the Penn-Louisiana Oil & Gas Company, adds nothing to the plaintiff's cause or right of action, for the allegation must not be taken as a contradiction of, but must be regarded merely as an inference or conclusion drawn from, the fact alleged in the original petition, that Wilbert's want of authority was due to the invalidity of the resolution of the board of directors of the Penn-Louisiana Oil & Gas Company, purporting to give authority for the

signing of the note. The allegation in that respect was made too plain in the plaintiff's original petition—particularly by the plaintiff's reference to the opinion and decree of this court on the subject—to admit of a contradiction or withdrawal; and in fact there was no withdrawal, but, on the contrary, a reiteration of the allegation in the plaintiff's supplemental petition.

[2] We must therefore look to the opinion which we rendered in the suit of A. Lorenze Co. v. Penn-Louisiana Oil & Gas Co., 155 La. 749, 99 So. 586, in order to ascertain whether the reason for which we held that the Penn-Louisiana Oil & Gas Company was not liable on the note is a sufficient reason for deciding now whether the defendant, Wilbert, is liable for having signed the note without authority from the Penn-Louisiana Oil & Gas Company. As we said in the Succession of McDonald, 154 La. 1, 97 So. 262:

"When a record is referred to as proof of an allegation of fact in a petition in a lawsuit, the record referred to governs in determining whether the petition discloses a cause of action."

The opinion which we rendered in the case of A. Lorenze Co. v. Penn-Louisiana Oil & Gas Co. shows that the only reason for which we held that the Penn-Louisiana Oil & Gas Company was not liable on the note was that the meeting of the board of directors of the corporation, at which the resolution was adopted, purporting to give the authority to sign and issue the note, was held outside of the state of Louisiana, whereas the corporation was domiciled in this state. The opinion shows also that the corporation did not receive any cash or other consideration for the note at the time when it was given to A. Lorenze, president of the A. Lorenze Company; that the note was issued on the supposition, or on a statement of the president, A. Lorenze, that the Penn-Louisiana Oil & Gas Company was already under an obligation to the A. Lorenze Company, the truth of

which statement or supposition the court found it unnecessary to consider; and that the reason why the vice president, Wilbert, signed the note for the Penn-Louisiana Oil & Gas Company was "because the president, A. Lorenze, was president also of the A. Lorenze Company, to whom the note was made payable."

[3, 4] As the plaintiff in this suit is the original payee of the note, the action is subject to all of the equities and defenses that could be pleaded if the suit were on a nonnegotiable instrument. The allegations of the plaintiff's petition, with the facts disclosed by the records annexed to and made part of the petition, show that there was no element of fraud, misrepresentation, or deception on the part of Wilbert, as to his authority to sign the name of the Penn-Louisiana Oil & Gas Company as maker of the note, and that the payee was not imposed upon or deceived in any way, and was in fact informed fully with regard to Wilbert's authority to sign the note for the Penn-Louisiana Oil & Gas Company. The case is therefore governed by articles 3012 and 3013 of the Civil Code, viz.:

"Art. 3012 (2981).—The mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee."

"Art. 3013 (2982).—The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."

[5] The appellant argues that the mandatary, Wilbert, is liable personally for the payment of the note because he did not, as the Code says, "exhibit his powers." And appellant argues that it was not necessary to allege in the petition in this case that the mandatary did not "exhibit his powers," because it was alleged that he had no power or authority from the Penn-Louisiana Oil & Gas Company. The argument adheres too closely to the letter of the law and therefore gives it a ridiculous meaning. When article 3013 of the Code says that a mandatary is responsible to those with whom he contracts if he exceeds his authority "without having exhibited his powers," it means without having explained or made known by what authority he claims the right to act as mandatary, or, as article 3012 expresses it, without having "communicated his authority." In that respect the two articles, 3012 and 3013, are alike in the French text of the corresponding articles, 2981 and 2982, in the Code of 1825. Article 2981 (now 3012) declares:

"Le mandataire qui a donné à la partie avec laquelle il contracte en cette qualité une suffisante connaissance de ses pouvoirs, n'est tenu d'aucune garantie pour ce qui a été fait au-delà, s'il ne s'y est personnellement soumis,"

—which means, literally, the mandatary who has given to the party with whom he contracts in that quality a sufficient knowledge of his powers is not held by any guaranty for that which has been done beyond, if he did not personally bind himself.

And article 2982 (now 3013) declares:

"Le mandataire n'est responsable envers ceux avec qui il a contracté que lorsqu'il s'est obligé personnellement, ou qu'il a excédé les bornes du mandat, sans leur avoir donné connaissance de ses pouvoirs,"

—the concluding part of which means, or when he has exceeded the bounds of the mandate, without having given them knowledge of his powers. The expression in the corresponding article (3013) of the Revised Civil Code, "without having exhibited his powers," is therefore not a literal or an accurate translation of that part of article 2982 of the Code of 1825, "sans leur avoir donné connaissance de ses pouvoirs," meaning, "without having given them knowledge of his powers."

[6, 7] It is well settled that one who contracts as the agent for another is not bound personally if it develops that he exceeded his authority or acted without legal authority, unless the other party to the contract was misled or deceived. If he was fully informed of the facts, by virtue of which the party acting as agent for another claimed authority to represent the other party, the party acting as agent is not bound personally if he exceeds his authority or if it develops that the supposed authority was invalid. In Trastour v. Fallon et al., 12 La. Ann. 25, the plaintiff sought to hold the defendants liable personally for having contracted as the agents of a so-called *Permanent Committee*, but without legal authority, but the court rejected the demand, saying:

"The burden of proof, as to the terms of the contract, is upon the plaintiff. To hold the defendants liable, he must show that he contracted with them personally, or that they misled him by assuming to act for others without sufficient authority."

In Barry v. Pike, 21 La. Ann. 221, the plaintiff sought to hold Pike (as a member of the partnership of S. M. Hart & Co.) liable personally on a promissory note signed "S. M. Hart & Co.," which note, as the payee knew, was given by S. M. Hart & Co. in their capacity of agents for the state of Louisiana, in the management of the State Penitentiary, and was intended to be signed by S. M. Hart & Co. as agents. The court observed that the note was acquired by the plaintiff after its maturity, and said that the suit was to be decided therefore as if it had been brought by the original payee. The court rejected the plaintiff's demand against Pike, saying:

"It is, however, contended by plaintiff that S. M. Hart & Co. exceeded their authority in making the note, and they must therefore be personally bound by that note on the general principles of the law of agency in this regard. But we apprehend that the reason of the rule that an agent who exceeds his authority is personally bound, is that he misleads the party with whom he contracts, and is therefore held on the ground of misrepresentation. The reason of this rule being absent, the rule ceases. It is provided, therefore, by the Civil Code (2981, 2982) that 'the mandatary who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee;' and that 'the mandatary is responsible to those with whom he contracts only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.' And therefore, in the case of Trastour v. Fallon, 12 [La. Ann.] An. page 28, this court said, in discussing a similar question, that 'to hold the defendants liable the plaintiff must show that he contracted with them personally, or that they misled him by assuming to act for others without sufficient authority.'

"If S. M. Hart & Co. exceeded their authority in making the note in suit, and yet the limitations of that authority were known to the payee, the plaintiff could not, on that ground simply, recover."

Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.