No. 3360

Second Circuit

JACKSON v. PETRIE & McFARLAND

(April 9, 1931.   Opinion and Decree.)
(May 20, 1931.   Rehearing Refused.)
(June 22, 1931.   Writ of Certiorari and
Review Granted by Supreme Court.)

Pegues & Pegues, of Mansfield, attorneys for plaintiff, appellant.

Lee & Williams, of Mansfield, attorneys for defendant, appellee.

WEBB, J.   The defendant, Petrie & McFarland, a partnership composed of W. M. Petrie and J. F. McFarland, representing a number of fire insurance companies, with authority to bind the companies represented by it, on the application of plaintiff issued two policies of insurance on February 24, 1927, in two of the companies represented by it, purporting to cover certain property owned by plaintiff.

After the policies were issued, a clerk of defendant carried the policies to plaintiff's place of business with instructions to deliver the policies to plaintiff on payment of the premiums; and, while the evidence is conflicting relative to whether or not the policies were delivered, it is conceded that the premiums were not paid and that the policies were returned to defendant, who kept the policies until May 6, 1927, when defendant marked the same "canceled" and sent the policies to the respective companies with which the insurance was placed.

On May 9, 1927, the property covered by the policies was destroyed by fire, and following plaintiff called on defendant for the policies, offering to pay the premiums, and requested that defendant give him the names of the companies with which the insurance was placed, which was refused by defendant; and plaintiff brought the present action to recover judgment for the amount of the policies, and plaintiff appears here as appellant from a judgment rejecting his demands.

Plaintiff's pleading was involved, vague, and contradictory, but defendant did not file any exceptions to the pleadings and neither of the parties discussed the right of plaintiff to recover under the pleadings; and it appears that the cause was presented in the trial court, as here, solely on the question relative to whether or not defendant gave credit to plaintiff for the premiums, it being apparently conceded that, if such was the case, defendant did not have the right to cancel the policies

and send same to the insurers, and was liable for the amount of the policies.

There is not any suggestion that either of the members of the defendant partnership expressly granted plaintiff time in which to pay the premiums, and plaintiff relies upon the circumstances and action of the parties prior to and subsequent to the issuance of the policies to show that credit was extended.

As stated the defendant was authorized to issue the policies, which were effective from their date; and, although it may have been the intention of the defendant to require payment of the premiums before delivery of the policies and that the policies would not be effective until delivery, there is not any evidence in the record indicating that plaintiff was advised of such intention; and, the evidence showing that defendant did not offer to deliver the policies until several days after they were issued, we are of the opinion that credit was extended to plaintiff for the payment of the premiums, at least between the date of the issuance of the policies and the time the offer to deliver the policies was made, and that the policies were in effect from the date they were issued until the date the offer to deliver the policies was made.

As stated, the evidence is conflicting relative to whether or not the policies were delivered, and the evidence was also conflicting relative to whether or not defendant's clerk granted plaintiff time in which to pay the premiums; but, passing the question relative to whether or not the policies were in fact delivered, or the authority of defendant's clerk to grant plaintiff time in which to pay the premiums (see Bodine v. Exchange Ins. Co., 51 N. Y. 117, 10 Am. Rep. 566), the evidence conclusively established that there was not any demand made on plaintiff for the payment of the premiums, and, although the policies were returned to defendant's office, we are of the opinion that defendant was without power to cancel the policies in the absence of any demand for payment of the premiums, and giving plaintiff notice that the policies would be canceled, and that therefore the policies were in force and effect when the property was destroyed by fire.

"Where a policy of insurance is issued without prepayment of the premium, the inference is that the insurers intended to extend a credit for its payment; that it was not at the option of the company to cancel the policy; that they only had the right to claim the dissolution of the contract for non-payment of the premium upon putting the other party in mora." Latoix v. Germania Ins. Co., 27 La. Ann. 113; also, Pino v. Merchants' Mutual Ins. Co., 19 La. Ann. 214, 92 Am. Dec. 529.

Since the appeal was filed here, plaintiff, W. F. Jackson, died, and his widow in community, Mrs. W. F. Jackson, and heirs, Mrs. R. B. Louies, Vernice and Bernice Jackson, have been made parties to the appeal.

Finding that the policies were in force at the time of the destruction of the property, we are of the opinion that plaintiff should have recovered judgment for the amount of the policies, or $800, with legal interest as demanded. It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed; and it is now ordered, adjudged, and decreed that Mrs. W. F. Jackson, Mrs. R. B. Louies, Vernice Jackson, and Bernice Jackson have and recover judgment against defendant partnership, Petrie & McFarland, and the individual members thereof, W. M. Petrie and J. F. McFarland, in solido in the sum of $800, with legal interest thereon from judicial demand, and all costs of suit.