**MILLER v. POWERS & TUTTLE, Inc.** *

No. 4455.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1933.

Peterman, Dear & Peterman, of Alexandria, for appellant.

Hawthorn, Stafford & Pitts, of Alexandria, for appellee.

DREW, J.

■ The appellant in his brief correctly states the case and his contentions as follows:

"This suit is here on appeal perfected by the plaintiff from a judgment rendered by the District Court sustaining an exception of no right or cause of action.

"The petition alleges that the defendant, Powers & Tuttle, Incorporated, is a private corporation organized under the laws of Louisiana with its domicile in the City of Alexandria, and is indebted unto the plaintiff in the sum of $1000.00, subject to a credit of $9.50.

"The allegation is that the defendant represents, as agent, a number of fire insurance companies with authority to bind them, and that on December 12, 1930, issued in favor of the plaintiff, and upon his application, a policy of fire insurance in the Pacific Fire Insurance Company, of New York, covering certain household and kitchen furniture contained in the premises No. 1206 Magnolia Street in Alexandria, and that the policy insured the plaintiff against damage by fire in the sum of $1000.00 from the date of its issuance, December 12, 1930, to May 17, 1931, said policy being No. FW–20051.

"The petition further alleges that before the date that said policy expired the defendant, still having authority to bind the aforesaid company, in the usual course of its business and pursuant to the custom common among other agencies representing fire insurance companies, issued another policy to your petitioner similar in all respects to the expired policy No. FW–20051, being for the same amount, in the same company, containing the same covenants, for the same length of time, covering the same furniture contained in the same premises as described in said policy No. FW–20051; and that said defendant, immediately after the issuance of said policy, gave to plaintiff written notice of the execution thereof, said notice stating that a policy had been issued in his favor; that it was accompanied by a written statement or bill for $9.50, this being the amount of the premium on said policy; and giving the number of the new policy, requesting plaintiff to call at the office of Powers & Tuttle and receive said policy.

"It is further alleged that the furniture covered by the policy, together with the house in which it was contained, was totally destroyed by fire on September 9, 1931. There is a document annexed to the petition containing a list of the furniture valued at $1882.00.

"The petition then states that immediately after the fire the fact of the loss was communicated to the defendant, and although plaintiff was ready and willing to submit proof of said loss, such proof was neither asked for nor required, and the defendant has since said date persistently refused, without just or legal cause, to pay plaintiff for the aforesaid loss.

"There was a further allegation that the policy was in full force and effect on the date of said fire, and no notice that same was ineffective or that it had been cancelled or avoided as required by the terms of the policy itself and as required by all fire insurance companies operating in the State of Louisiana had been sent to the plaintiff.

"The petition further asserts that the policy was issued without prepayment of the premium and that defendant, instead of requiring the plaintiff to pay the premium in money, extended credit therefor, sending to him monthly bills or statements of the same from the date the policy was issued until September 1st, a few days before the fire, and that the defendant at no time previous to the date of the fire demanded that plaintiff pay said premium or notified him that the policy would be canceled for non-payment thereof.

"The petition also alleges that since the date of the fire the plaintiff has tendered to the defendant the $9.50, amount of the premium, which tender was declined."

It is clear that the exception of no right and no cause of action was correctly sustained.

■ Appellant alleged that defendants were the agents of Pacific Fire Insurance Company of New York and had authority to bind said insurance company; that they did bind said insurance company; and that the policy was in force and effect at the time of the loss by fire. Under what authority appellant contends that the defendants, agents, are bound we are at a loss to discover. He does not allege that the defendants, agents, entered into a personal guarantee to pay the insurance or that they personally bound themselves. He does not allege the agents exceeded their authority without exhibiting their power, and without such allegations, there can be no right or cause of action against the agents of a disclosed principal. Articles 3012 and 3013 of the Revised Civil Code; A. Lorenze Company v. Wilbert, 165 La. 247, 115 So. 475.

Appellant claims as authority for this suit the case of Jackson v. Petrie & McFarland, 17 La. App. 500, 133 So. 476, reversed by the Supreme Court in 173 La. 593, 138 So. 113 (the reversal being on facts). He has overlooked the fact that in the cited case the agents refused to disclose their principal, and for that reason suit was filed against the

agents. Not so in the case at bar, for appellant set out in his petition the principal, Pacific Fire Insurance Company of New York, and alleged the policy of insurance was issued by it through its agents and is in force and effect.

The judgment sustaining the exception is correct and is affirmed, with costs.