**B. OLINDE & SONS CO., Inc., v. ISTROU-MA MERCANTILE CO., Inc., et al.**

**No. 1687.**

Court of Appeal of Louisiana. First Circuit.

March 5, 1937.

Leslie A. Fitch, of Baton Rouge, for appellant.

J. Oliver Bouanchaud, of Baton Rouge, for appellee.

OTT, Judge.

The suit is on a note for $553, dated June 18, 1935, due 90 days after date, payable to the order of the plaintiff, signed by the Istrouma Mercantile Company Inc., and indorsed on the back as follows: "M. K. Grumback & Son, M. K. Grumback." The plaintiff prayed for judgment against the Istrouma Mercantile Company and against the partnership of M. K. Grumback & Son, and the individual members thereof, Marcel K. Grumback and Karl Grumback, in solido, for the amount of the note, interest, attorney's fees, and cost. The Mercantile Company made no defense and judgment went against it by default. Marcel K. Grumback filed an answer admitting that plaintiff was the holder of the note in due course and for value, but this defendant alleged that the note was given for a balance due plaintiff by the Mercantile Company, and in no wise represented any obligation due by Grumback individually; that no such partnership as M. K. Grumback & Son has ever existed; that neither he nor his son, Karl Grumback, was ever a member of any such partnership; that the indorsement, "M. K. Grumback & Son, M. K. Grumback," was placed on said note at the request of the plaintiff after said note had been signed by the Istrouma Mercantile Company, Inc., through M. K. Grumback as president, and had been delivered to plaintiff; that plaintiff was informed that no such firm as M. K. Grumback & Son existed, but nevertheless plaintiff insisted that the note be indorsed in this manner for reasons personal to one of its officers; that thereupon defendant Marcel K. Grumback placed said indorsement on the back of said note as it now appears thereon. This defendant denies that he obligated himself in any individual capacity whatever on said note, either as a member of any partnership or individually; that he never received any consideration for said note, nor is he an accommodation indorser thereof.

Karl Grumback made practically the same allegations in his answer as did his

father, Marcel K. Grumback, and in addition thereto alleged that at the time said note was indorsed he was a minor, and he pleaded his minority in bar of the suit. This plea was sustained and the suit as to Karl Grumback was dismissed. The judgment is against the Mercantile Company and Marcel K. Grumback, in solido. The latter defendant only has taken a devolutive appeal.

It is well to note here that plaintiff is seeking to hold Marcel K. Grumback individually only by reason of the fact that he was a member of the commercial partnership M. K. Grumback & Son, which partnership indorsed said note. It is not alleged nor contended that Marcel K. Grumback indorsed said note in his individual capacity.

The plaintiff objected to all evidence offered by defendant tending to show the manner in which the indorsement of M. K. Grumback & Son was made on said note as set forth in the answer, on the ground that defendant had admitted in his answer that plaintiff was a holder of the note in due course, and for that reason parol testimony could not be admitted to vary or change the note in the absence of allegation of fraud or error; and for the further reason that defendant was estopped from denying that there was such a partnership. The objection was sustained, and this ruling of the court forms the basis of this appeal.

■ It is clear from the allegations of the petition and from the note itself that the suit is between the original parties to the instrument. Therefore, the action is subject to all equities and defenses that could be pleaded if the suit were brought on a nonnegotiable instrument. A. Lorenze Company v. Wilbert, 165 La. 247, 115 So. 475. As plaintiff claims to hold Marcel K. Grumback liable on the note because of the fact that he was a member of the partnership of M. K. Grumback & Son, it is obvious that any testimony tending to show that there was no such partnership, and that plaintiff knew that there was no such partnership when it insisted on the note being indorsed in the manner set out in the answer, would be admissible under the pleadings.

■ As between the original parties to a negotiable instrument, parol testimony is admissible to show want of consideration, or the failure of consideration. Nego-

tiable Instrument Law, Act No. 64 of 1904, § 28.

■ It may be contended by plaintiff that M. K. Grumback & Son can only be looked upon as an accommodation indorser, in which case the accommodation indorser could not plead want of consideration as the very meaning of an accommodation indorser implies that there is no consideration. Section 29 of Act No. 64 of 1904; Seymour & Co., Inc., v. Castell et al., 160 La. 371, 107 So. 143. But plaintiff does not allege that this partnership is an accommodation indorser. On the contrary, Marcel K. Grumback alleges in his answer that he is not an accommodation indorser.

■ As between the original parties to the note the defendant has a right to show by parol in what capacity and for what purpose he signed the note. Cole v. Smith, 29 La.Ann. 551, 29 Am.Rep. 343; Ragsdale v. Ragsdale, 105 La. 405, 29 So. 906. The defendant set up in his answer under what circumstances he signed the note and the purpose of his signature thereon, and under the issues thus made by the pleadings parol testimony was admissible in support of the allegation so made in answer. Nor do we think that defendant is estopped from showing in what capacity and for what purpose he signed the partnership name to said note. He alleges that he disclosed the situation to plaintiff as well as his nonmembership in such partnership whose name is indorsed on the note. If he made a full disclosure of his connection with the alleged partnership for which he is claimed to have acted in a representative capacity, he would not become personally liable, if it now develops that there was no such partnership, or that he had no authority to represent it, of which facts plaintiff was informed as alleged in the answer. A. Lorenze & Co. v. Wilbert, supra.

In order to determine whether or not this defendant is liable individually on the note, it is necessary to hear testimony on the issue raised in his answer.

For the reasons assigned, it is ordered that the judgment against Marcel K. Grumback be and the same is hereby annulled, avoided, and reversed, and it is now ordered, as to said defendant, that the case be remanded to the lower court for trial according to law and the views herein expressed; plaintiff and appellee to pay the cost of the appeal.