The plaintiff alleges that it is a corporation and conducts a branch of its business at Dallas, Texas, under the name of Lowe Campbell; that since the year 1925, it has had a running account with the defendant, B.C. Alwes, of Donaldsonville, Louisiana, and further alleges as follows:
"That the said B.C. Alwes is now justly, truly and legally indebted unto and in favor of your petitioner, on the said account, in the just and full sum of $364.36, as will more fully appear by the sworn itemized statement hereto attached and made part hereof, and for identification herewith marked Exhibit A.
"That on or about January 3, 1941, the said B.C. Alwes duly acknowledged the account and promised to pay the same, that however he has not kept said promise and that the same is justly due owing and has never been paid; that petitioner attaches hereto and makes part hereof the letter of acknowledgement of said B.C. Alwes, of date Jan. 3, 1941, which for identification herewith is marked Exhibit B."
The account annexed to the petition and made a part thereof is itemized and lists various articles of athletic goods, such as footballs, sport shoes, clothes, and other equipment commonly used by high schools in their athletic activities, and the account *Page 103 
is made out in the name of B.C. Alwes, Principal, Donaldsonville High School. The alleged letter of acknowledgement of the account annexed to the petition and made part thereof is dated January 3, 1941, and is written on the stationery of the Donaldsonville High School, and (omitting the address) reads as follows:
"The fact that we have made no payments on our indebtedness to your firm doesn't mean that we fail to realize our obligation. Just as soon as our present set up enables us to net anything above the amount needed to cover current expenses, we shall take care of our past due bills. At present, however, we barely break even in our receipts and expenditures.
Very truly yours,
Donaldsonville High School B.C. Alwes Principal"
The defendant filed an exception of no cause or right of action which was overruled. He then filed answer, denying that he was liable individually for the account sued on, but alleged that the account was for athletic goods ordered by him as agent and principal of the Donaldsonville High School and for the use of said high school, all to the knowledge of plaintiff and its representative. The defendant coupled with his answer a reconventional demand for $450 for damage to his reputation and good name on account of filing the suit against him.
The case came to this court on a question of the right of the defendant to a trial by jury, and on that appeal we undertook to give a history of the case and the issues involved. See17 So.2d 382. As was stated on the former appeal, the reconventional demand of the defendant was dismissed by the trial judge, and we refused to pass on his action in that respect for the reason that the question was not then before us. The case was tried before a jury in October; 1944, on the principal demand, and a verdict and judgment rendered in favor of the defendant, rejecting plaintiff's demands. Plaintiff has appealed, and the defendant answered the appeal, asking that the judgment be amended by sustaining the exception of no cause or right of action, and that the order of the trial judge in dismissing his reconventional demand be set aside.
The exception of no cause or right of action is based on the ground that the documents annexed to plaintiff's petition show that the goods were sold to the Donaldsonville High School and for its use and benefit, and that the defendant Alwes was only acting in a representative capacity as agent or principal of said school. The plaintiff contends that the defendant is liable for the reason that he did not disclose the principal for whom he was acting when the goods were purchased, and for the reason that he exceeded his authority. However, there is no allegation in the petition to show that the defendant failed to disclose his principal, or exceeded his authority.
[1, 2] Documents annexed to a petition control the allegations thereof, and it is clear from the itemized account and purported letter of acknowledgement annexed to plaintiff's petition that the goods were sold to Alwes as principal of the Donaldsonville High School; that he was acting for and on behalf of the high school of which he was principal. Indeed, the very letter on which plaintiff relies to prove an acknowledgement of the account shows that the account is an obligation of the Donaldsonville High School. The account and the letter show that plaintiff knew in what capacity the defendant was acting, and the latter cannot be held personally liable for failing to disclose the principal for whom he was acting.
Where a mandatary has communicated his authority to a third person with whom he contracts, or where such third person has knowledge of the capacity in which the mandatary acts, the latter cannot be held personally liable to such third person, unless the mandatary has entered into a personal guarantee. Civil Code, Art. 3012; Barry v. Pike, 21 La. Ann. 221; Delaroderie Son v. Hart Pike, 20 La. Ann. 126, on rehearing page 129; Trastour v. Fallon et al., 12 La. Ann. 25.
[3] Assuming that the defendant was not legally authorized to bind the Donaldsonville High School, or the Parish School Board, there is no allegation to the effect that he misled or deceived plaintiff in this respect. One who contracts as agent for another is not bound personally if it develops that he exceeded his authority, or acted without authority, unless the other party to the contract was misled or deceived. Civil Code, Art. 3013; A. Lorenze Co. v. Wilbert, 165 La. 247, 115 So. 475.
[4] The trial judge dismissed the reconventional demand of the defendant on *Page 104 
the authority of Thompson Co. v. Gosserand, 128 La. 1029, 55 So. 663, wherein it was held that a defendant residing in another parish cannot reconvene and claim from the plaintiff damages for an alleged libel in the pending suit; that he has no cause of action until the pending suit is terminated in defendant's favor. In our opinion, the trial judge was correct in dismissing the reconventional demand on the authority of the cited case.
For the reasons assigned, it is ordered that the exception of no cause or right of action filed by the defendant, be and the same is hereby sustained, and the judgment which dismissed plaintiff's, suit is hereby affirmed. The order of the trial judge dismissing defendant's reconventional demand is also affirmed; plaintiff to pay all costs.