ELLIS, Judge.
Plaintiff has filed this suit in which he is seeking to recover $1250 which he alleged is due him by the defendant by virtue of having been employed by the defendant, as executrix of the Succession of Ben Kinchen, to sell certain property of the succession. Plaintiff ■ further alleged that he found the purchaser but that the defendant failed to secure the essential order of Court to pass the title, thereby rendering herself personally liable.
To the petition the defendant filed an exception of no cause or right of action which was sustained by the Judge of the District Court and plaintiff has, therefore, appealed.
It seems to be the argument of counsel for plaintiff that the defendant “held herself as authorized to deliver title when she was not so authorized”, thus rendering herself personally liable. The allegations of plaintiff’s petition clearly show that the defendant was acting as “administra-trix” of the Succession of Ben Kinchen and that he was employed by her attorney with her consent to find a buyer for certain of the succession property for a certain price, and that he did this, and he further alleged that she was not empowered or qualified to deliver title “in that she did not procure any order of the Court authorizing her to make such sale” and that she did not thereafter procure the essential authority from the Court “notwithstanding her verbal promise at said aforesaid meeting that she would henceforth do so,” and that she was thereafter ousted *520 from the office of “administratrix” for cause and “it then became impossible forever for her to procure authority to deliver said title.”
The question under consideration is controlled by Articles 3012 and 3013 of the LSA-Civil Code which read respectively:
“The mandatory, who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless she has entered into a personal guarantee.”
“The mandatory is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.”
Under the above articles and allegations of plaintiff’s petition, the authority in the position of the defendant was fully communicated to the plaintiff, and it is clear from the allegations that the defendant did not enter into any personal guarantee. It is equally clear from the allegations that the defendant did not bind herself personally, as she was acting only in a representative capacity and the plaintiff is charged with knowledge of her powers under the law. In fact, the plaintiff’s petition affirmatively shows that plaintiff knew defendant had to secure an order of court, in other words, authority from the court.
In the case of Wilson Sporting Goods Co. v. Alwes, La.App., 21 So.2d 102, 103, the Court stated:
“Where a mandatory has communicated his authority to a third person with whom he contracts, or where such third person has knowledge of the capacity in which the mandatory acts, the latter cannot be held personally liable to such third person, unless the mandatory has entered into a personal guarantee. [LSA-] Civil Code, Art. 3012; Barry v. Pike, 21 La.Ann. 221; Delaroderie & Son v. Hart & Pike, 20 La. Ann. 126, on rehearing page 129; Trastour v. Fallon, 12 La.Ann. 25.
“Assuming that the defendant was not legally authorized to bind the Don-aldsonville High School, or the Parish School Board, there is no allegation to the effect that he misled or deceived plaintiff in this respect. One who contracts as agent for another is not bound personally if it develops that he exceeded his authority, or acted without authority, unless the other party to the contract was misled or deceived. [LSA-] Civil Code, Art. 3013; A. Lorenze Co. v. Wilbert, 165 La. 247, 115 So. 475.”
See also Succession of Aiken, 144 La. 64, 80 So. 200, and Succession of Williams, 7 La.App. 465.
For the above reasons, the judgment of the District Court is affirmed.