## FLUCKER *vs.* LACY.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF ST. HELENA.

A party who bought his own property at a sale on a *fi fa*, and gave a twelve months' bond, has thus far executed the judgment as to debar himself from an action of nullity.

The plaintiff's property was seized to satisfy a judgment, which the defendant had obtained against him, and at the sale, the plaintiff became the purchaser. He afterwards brought an action of nullity to set aside the judgment. The court *a quo*, dismissed the action, and the plaintiff appealed.

*Ripley,* for appellant.

*McCaleb,* for appellee.

*Porter, J.,* delivered the opinion of the court.

This is an action of nullity. Various grounds are set out in the petition. The judge of probates thought the action could not be maintained, because the plaintiff had purchased his own property, which was seized and exposed to sale, under an execution issuing in virtue of the judgment rendered against him.

F 2

Eastern District,
*March* 1831.

FLUCKER
*vs.*
LACY.

The 612 article of the Code of Practice, provides that the nullity of a judgment may be demanded at any time, unless the defendant were present in the parish, and suffered the judgment to be executed, without opposing the same.

In the instance before us, it makes a part of the allegations in the petition, that the plaintiff purchased at the sale made under the execution, issuing on the judgment now sought to be annulled, the property seized, and gave his bond at twelve months, for the price.

'A party who bought his own property at a sale on a *fi fa*, and gave a twelve months' bond, has thus far executed the judgment as to deliver himself from an action of nullity.

This was not only failing to oppose the execution of the judgment, but it was aiding to give it effect; and we do not think the judge below erred in deciding that the plaintiff could not maintain his action.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.