## Toler *v.* Swayze et al.

*Where one who has obtained a judgment against the maker and endorsers of a note, colludes with the parties who were primarily liable on it, for the purpose of screening their property under pretended judicial sales, the liability of the last endorser will be discharged ; nor can it be revived by the transfer of the judgment to third persons.*

*The vendor of a debt or incorporeal right warrants its existence at the time of the transfer, though no warranty be mentioned in the act of sale (C. C. 2616), and that it exists such as the parties understood it, accompanied with all the securities contemplated by the contract of assignment*

*One who sells a judgment obtained against several p ersons* in solido, *impliedly warrants that the judgment exists as it purports to do ; and if, at the time of the sale, one of the debtors had been discharged, the vendor will be liable on his warranty.* Aliter, *if the purchaser, at the time of acquiring the judgment, was aware of collusion and frauds between the vendor of the judgment and other parties to it, by which one of the debtors had been discharged.*

APPEAL from the District Court of Avoyelles, *Boyce,* J. *Dunbar, Hyams,* and *Elgee,* for the plaintiff. *Waters,* for the appellants. *Waddell,* for the warrantor. The judgment of the court was pronounced by

Slidell, J. The defendants, *Swayze* and *Lewis,* are the assignees of a judgment obtained by *J. L. Garrett* against *McCrory, Brewster, Stewart,* and *Toler, in solido.* This judgment was obtained upon a note made by *McCrory* and *Brewster, in solido,* to the order of *Stewart,* and endorsed by *Stewart,* and then by *Toler.* The assignees of this judgment issued execution against *Toler* for the unpaid balance of the judgment; and *Toler* then brought the present action, and enjoined the execution. The alleged ground of the injunction was that, *Toler* had been discharged by the fraudulent collusion of *Garrett,* with *Brewster,* and the other parties who were primarily liable, whereby their property was fraudulently covered up, under the pretence of judicial sales, at which the property had been fraudulently sacrificed. The defendants called their assignor in warranty. The court below decreed that the liability of *Toler* had been completely discharged by the conduct of *Garrett,* before the assignment to the present defendants. This decree is undeniably correct; and there has not been even an attempt in argument to vindicate the transaction, or dispute the correctness of the opinion of the district judge, who perpetuated the injunction.

As to the call in warranty, the court was of opinion that the warrantor was not bound ; that his warranty was of the existence of the principal obligation ; that *Brewster* and *McCrory,* the principal debtors, were still bound for the balance of the claim uncollected at the time of the transfer to *Swayze* and *Lewis,* for aught that appeared to the contrary in the evidence ; and that the fact that the liability of *Toler* had been discharged at the time of the transfer, did not create a liability under the warranty. " I am of opinion," said the district judge, " that the succession of *Garrett* is not liable on the implied warranty, until it is first established that the judgment does not exist as to any of the debtors."

In this opinion we cannot concur. He who sells a debt, or an incorporeal right, warrants its existence at the time of the transfer, though no warranty be

mentioned in the deed. Civil Code, art. 2616. In the present case the thing sold was a judgment, *in solido*, against four persons, of whom *Toler* was one. There was an implied warranty that the judgment existed as it purported to exist; and even if, on the face of the judgment, *Toler* had been condemned as surety, it would not have varied the warranty. "Quand une créance est vendue avec une hypothèque sur des immeubles déterminés, ce n'est pas assez que la créance existe, il faut encore que l'hypothèque promise soit entière au moment du contrat; et si une portion des biens était affranchie de l'hypothèque, le cédant serait tenu de garantir le cessionnaire qui ne trouverait pas toutes les sûretés sur lesquelles il a compté, et dont l'absence peut compromettre le capital qui doit lui être remboursé." Troplong, Vente, vol. 2, ch. 8, no. 933. When a debt is assigned the warranty is, not merely that the debt exists, but that it exists such as the parties understood it, that is, accompanied and protected by all the securities contemplated in the contract of assignment. If, however, there was knowledge by the assignees, at the time when they took this transfer, of the frauds connected with this claim, upon which question of fact we express no opinion, they can demand no indemnity against the consequences of those frauds.

In revising the judgment of the court below, we shall remand the cause for a new trial by jury.

As to the judgment upon the claim of the sheriff, *Ricard*, for services in the execution of the writ enjoined, it cannot be examined, he not having complied with the condition of the order of appeal, by giving bond.

It is therefore ordered that, the judgment in favor of *Toler* be affirmed. It is further decreed that the judgment dismissing the claim of the warrantees be reversed, and that the issue made between the said *Swayze* and the said warrantor, be remanded for a new trial, by jury, the said warrantor paying the costs of this appeal.