No. 1822.—J. S. & E. A. ABBOT v. J. L. WILBUR, Syndic, etc.

Estoppels are not favored in law, for the object of the administration of justice is to discover and apply the truth; but there may be cases in which courts are bound to say to a litigant that he has, to his own advantage or to the injury of his adversary, asserted judicially what is false, and that, having done so, he must be forever forbidden to unfold for his own benefit the truth of the matter.

This being an action to annul, for want of citation, a judgment of the Fifth District Court; and it appearing that, before its institution, the plaintiffs had defeated, in the Third District Court, a large claim of the defendant, by the objection that there was then pending in the Fifth District Court a suit against them for the same demand, by the same party (being the same suit in which the judgment sought to be annulled was rendered): Held—That this amounted to an assertion that they had been cited in the Fifth District Court, an assertion made to their own benefit and the injury of the opposite party, and they could not afterwards be heard to say, or permitted to prove, that this assertion was false.

It is not intended herein to decide that the estoppel can supply the want of citation; but merely that it prevents the plaintiffs in this case from showing that such a want exists.

The insufficiency of the evidence on which a judgment is rendered is not a ground of nullity, but is to be exposed by appeal.

APPEAL from Fifth District Court of New Orleans. *Leaumont, J. John McKee*, for plaintiffs and appellants. *E. C. Mix* and *Semmes & Mott*, for defendant and appelle.

HOWE, J. In January, 1866, J. S. and E. A. Abbot instituted a suit in the Third District Court of New Orleans, against Frank Borge, upon notes made by J. L. Wilbur and Borge, to the amount of $3200.

In May, 1866, the defendant, Borge, filed his answer and reconventional demand for $23,383 64.

In September, 1866, J. L. Wilbur, as syndic of his creditors, and of the creditors of Wilbur & Borge, intervened in the suit, and adopted the answer and reconventional demand, the latter growing out of alleged transactions between plaintiffs and the firm of Wilbur & Borge.

In December, 1866, J. L. Wilbur, as syndic, commenced a suit in the Fifth District Court of New Orleans, against the Abbots, for the same cause of action as that alleged in the reconventional demand in the Third District Court. The sheriff made a return upon the citation of personal service upon one of the Abbots, and judgment by default was made final against them, and in favor of the syndic, on the twenty-fourth of January, 1867, for $23,383 64.

On the twenty-fifth of February, 1867, the case of Abbot v. Borge, in the Third District Court, came on for trial, and, as part of their evidence, the plaintiffs offered the record in the suit of Wilbur v.

Abbot in the Fifth District Court, and then, when the defendant, Borge, and the intervenor, Wilbur, undertook to prove their reconventional demand, the attorney for the Abbots objected to any evidence being received, on the ground "that the said suit, in which judgment had been rendered in said Fifth District Court, was for identically the same cause of action as that set forth in the reconventional demand, and that said suit was *lis pendens.*" Counsel for Wilbur & Borge having admitted the cause of action in the Fifth District Court and that set up in reconvention to be the same, the court sustained the objection to going into the trial of the reconventional demand, on the ground of *lis pendens*, and refused to allow any evidence thereof, giving judgment in favor of plaintiffs, and dismissing the reconventional demand. This judgment was signed March 7, 1867.

On the twenty-ninth of April, 1867, the suit now before us was instituted by the Abbots for the purpose of annulling the judgment above mentioned, obtained by default in the Fifth District Court in favor of Wilbur, syndic, on the ground chiefly of want of citation, it being alleged that the Mr. Abbot who was served by the sheriff, in New Orleans, was not one of plaintiff's firm, but a relative, who happened to be passing through the city.

To this defendant answered by a general denial, and by the further plea that the plaintiffs had judicially admitted that they were properly cited in the suit, and were estopped to deny citation, and recited the proceedings in the Third District Court, which we have detailed above.

The court *a qua* sustained this plea of estoppel, and dismissed the suit of nullity, and the plaintiffs have appealed.

Estoppels are not favored in law, for the object of the administration of justice is to discover and apply the truth. But there may be cases in which courts are bound to say to a litigant that he has, to his own advantage or the injury of his adversary, asserted judicially what is false; and that, having done so, he must be forever forbidden to unfold for his own benefit the truth of the matter.

In the case of Philadelphia Railroad Company *v.* Howard, 13 Howard, 335, it seemed that an action of *assumpsit* had been instituted in Cecil county court, Maryland, against the railroad company, and, in the progress of the trial, the company produced in court, and relied on, an instrument, as a sealed instrument, and on that ground defeated the action of the plaintiff; since, in the common law practice covenant, and not assumpsit, is the proper form of action on a sealed instrument.

The plaintiff subsequently brought an action against the company in the United States Circuit Court, at Baltimore, and offered in evidence the writing, as a sealed instrument. The defendant, on the plea of *non est factum*, objected to the introduction of the instrument in evidence, on the ground that it was not properly sealed. The plaintiff contended that the defendant could not be permitted to deny the

47

validity of the sealing, because such a defense would impute to the defendants themselves a fraud upon the administration of justice in Cecil county court, they having declared, in Cecil county court, that it was a sealed instrument.

These views of the plaintiff were sustained by the Supreme Court of the United States, which decided that the company was estopped, by its own conduct in the county court, from proving the reverse of what it had there maintained; and the principle was enunciated that where a party asserts what he knows to be false, or does not know to be true, to another's loss, or to his own gain, he is guilty of a fraud—a fraud in fact, if he knew it to be false; a fraud in law, if he does not know it to be true. That it would not mitigate the fraud if the false assertion were made in a court of justice, and a suit defeated thereby; and that the defendant could not be heard to say that what was asserted on the former trial was false, even if the assertion was made by mistake. "If it was a mistake, of which there is no evidence, it was one made by the defendants, of which they took the benefit, and the plaintiff the loss, and it is too late to correct it now."

The principle here so forcibly illustrated has been often sanctioned by this court in different forms. See Freeman v. Savage, 2 An. 269; Gudley v. Connor, 4 An. 416; Denton v. Erwin, 5 An. 22; Devall v. Watterson, 18 An. 136.

We have not been referred to any decision where the doctrine of estoppel has been applied to prevent an inquiry into the fact of citation, as in this case, but we see no objection, on principle, to making such an application, in a clear case, in the interest of a pure and proper administration of justice. The estoppel does not supply the want of citation; it prevents the plaintiffs from showing that such a want exists. So, in the case of Philadelphia Railroad Company v. Howard, the estoppel did not supply a seal to the instrument, it merely prevented the railroad company from showing there was no seal. So in the case of Freeman v. Savage, the estoppel did not pay the note, it merely prevented the party from showing it was not paid. So in Devall v. Watterson, the estoppel did not change one whit the real relation of the parties, or the facts of the case, but merely prevented the plaintiff, who had once judicially declared himself to have been an employe, from showing that he had all the time been a partner. It would be an error, therefore, to suppose that, by sustaining this plea, we would seek to supply the fundamental want of citation. We only seal the lips of those who allege that want.

An illustration may be drawn from the rule in regard to acquiescence. A party who has acquiesced in a judgment, can not sue to annul it, no matter how radical its defects, or absolute its nullity. Thus, in Flukei v. Lacey, 2 La. 265, a party who bought his own property, at a sale or. a *fieri facias*, and gave a twelve months' bond, was held to hav·.

executed the judgment, so as to debar himself from an action of nullity. His purchase was surely no citation, but it closed the door of inquiry into the fact whether he had been cited or not.

In Landry *v.* Connely, 4 R. 127, where the ground of nullity was, that the court which rendered the judgment was without jurisdiction, it was held that the execution, by the vendor of the party, of a lease, under private signature, was an acquiescence in the judgment, which prevented an action of nullity, not on the ground that this signing of a lease could retroactively confer jurisdiction on a court, but that, as an act of acquiescence, it prevented an inquiry into the fact of jurisdiction.

Returning to the facts of this case, we find the plaintiffs, in the Third District Court, defeating a large demand of defendant, by the plea that there was then pending, in the Fifth District Court, a suit against them for the same demand, by the same party. They thus declared judicially that they had been cited in the Fifth District Court, and they made this assertion to their own benefit, and to the injury of the opposite party, and they can not be heard now to say that their assertion was false, and that the person on whom service of citation was made was not of their commercial firm.

The other grounds of nullity alleged by plaintiffs, concern the insufficiency of evidence on which the judgment was based. These are matters for appeal, and not for an action of nullity

Judgment affirmed.

Rehearing refused.