No. 2511.—ADELE GERNON, wife of James G. Gernon, *v.* JOSEPHINE DUBOIS, wife of Thos. J. Horrell, et als.

In a suit for interdiction, the defendant, who is charged with insanity or mental unsound-
ness, must be notified in person. He can not be cited through a *curator ad hoc.*   16 L: 67.
The mere application to have a person interdicted does not 'revoke or in anywise affect a
power of attorney given by him.
An agent, holding a full power of attorney to do everything in relation to the property and
rights of his principal which occasion may require, may represent his principal in a
demand against a succession of which he (the agent) is a co-executor.

APPEAL from the Fifth District Court for the parish of Orleans.
*Leaumont,* J. *Semmes & Mott,* for plaintiff and appellee. *Roselius & Philips* and *Hays & New,* for defendant and appellant.

LUDELING, C. J.   This suit is brought to annul a judgment rendered, in favor of Almira Dubois, executrix of the last will and testament of Oliver Dubois, against William Mish, by the Fifth District Court of New Orleans, on the seventeenth of June, 1865, for $10,761 68, with eight per cent. per annum interest from the first of June, 1859, until paid. The alleged grounds for annulling the judgment are:

*First*—That the power of attorney to McClellan (on whom citation was served) did not authorize him to stand in judgment *as a defendant.*

*Second*—That McClellan, being executor of Dubois, as well as the agent of Mish, occupied a position which debarred him from repre-senting Mish in a matter in which the estate of Dubois was interested, and his conduct was collusive.

*Third*—That the power of attorney of McClellan was revoked by the insanity of Mish and the proceedings for his interdiction in the

Second District Court, of which McClellan was cognizant, and that he colluded with Mrs. Dubois to conceal from the Fifth District Court (which rendered the judgment) the previous action of the Second and Third District Courts.

For answer, the defendants denied all the allegations in the petition; they alleged that the proceedings in the Second District Court were absolutely null and void, *coram non judice;* and that the plaintiff and her husband have acquiesced in the judgment and recognized its validity.

The substance of the allegations of the plaintiff is, that Mish, the debtor, was not legally cited.

We think the proceedings in the Second District Court, for the interdiction of Mish, were null and void, because he was never cited. His domicile was New Orleans, and he could not be sued there by the appointment of a *curator ad hoc.* The law does not authorize the appointment of a *curator ad hoc* in such a case. Article 391 [384] C. C. directs that "the interdiction may be solicited by any stranger, or pronounced *ex officio* by the judge, after having *heard the counsel of the person* whose interdiction is prayed for, whom it shall be the duty of the judge to name, *if one be not already named by the party.*" This court held, in Stafford *v.* Stafford, 1 M. N. S. 551, "that *the party, sought to be interdicted, must be notified.*" And, in Segur *v.* Pellerin, this court said. "It is alleged that Pellerin is over twenty-one years of age; and it is sought not only to deprive him of the control of his property and person, but to hold him up to the world, as an idiot or a maniac, without his ever having any notification of it. Such a doctrine would put many eccentric but sensible men completely at the mercy of any one who, through malice or error, might commence proceedings to interdict them." 16 La. 67.

Even if there had been a notification to Mish, there never was judgment of interdiction pronounced; and the mere institution of the suit did not suspend or revoke the power of attorney to McClellan. C. C 3027 [2996

We can not perceive the force of the objection that McClellan, the agent of Mish, could not be cited to defend a suit instituted by Mrs. Dubois, one of the executors of Oliver Dubois, because he was a co-executor. There is no evidence of collusion; nor is it alleged that any just defense existed against the plaintiff's claim, which he neglected to make.

A careful scrutiny of the power of attorney to McClellan satisfies us, that Mish intended to confer upon his agent ample power to do everything in relation to his property and rights which occasion might require, either for the protection or alienation of his property, to borrow money, grant mortgages, execute notes, make settlements of

debts due by him by compromise, arbitration or otherwise, and to appear in courts for all purposes and to do and perform whatever he himself could do, if present.

Furthermore, it appears from the record, that the plaintiff has acquiesced in the judgment by paying a part of it. This involved a renunciation of the means and exceptions that might have been opposed to the payment. C. P. 612, 567; C. C. 2252; 2 La. 265, Fluker v. Lacy; 4 Rob. 127.

It is therefore ordered and adjudged that the judgment of the District Court be avoided and annulled, and that there be judgment in favor of the defendant, rejecting the plaintiff's demand and dissolving the injunctions, with ten per cent. on the amount of the judgment, as general damages. It is further ordered that the plaintiff pay the costs of both courts.