## MEYER v. TEXAS LUMBER CO., Inc.*
### No. 4592.

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1933.

Cook & Cook and C. D. Egan, all of Shreveport, for appellant.

Dimick & Hamilton, of Shreveport, for appellees.

MILLS, Judge.

The Texas Lumber Company, Incorporated, defendant herein, sold to the E. D. Green Realty Company, Incorporated, a bill of lumber totaling $307.75, which was used by the purchaser in repairing and improving a house on lot 16 of block 26, West Shreveport subdivision, of Shreveport, Caddo parish, La., belonging to Kate S. Armstrong. On the 12th day of June, 1930, it filed and recorded a materialman's lien against said property in the mortgage records of Caddo parish, and at the same time filed with the lien an account showing the last delivery of lumber on the bill to have been made on the 15th day of April, 1930, less than 60 days prior to the recording of the lien. Marks Meyer, plaintiff in this action, was the holder of a note for $350, dated January 5, 1930, signed by Kate S. Armstrong, and secured by mortgage of same date on the above described property.

The lumber account being unpaid, defendant, knowing of the existence of Meyer's mortgage note, wrote him that they were about to bring suit on the account and lien. Meyer, thinking the lien a valid one, and that it primed his mortgage, went to defendant's attorney and paid off the account for its face value. Afterwards he went to the same attorney and employed him, with the consent of the Texas Lumber Company, Incorporated, to bring suit on the account and lien for his benefit but in the name of the company. Suit was brought at Meyer's expense and resulted in a judgment which allowed the claim against the real estate company, but rejected the demand for a recognition of the lien on the ground that though the account filed showed the last delivery of material upon the Armstrong premises to have been made April 15, 1930, within 60 days of the recording of the lien, the evidence taken on the trial of the case proved that this was incorrect and that the last delivery of lumber was made prior to April 7, rendering the lien invalid because recorded more than 60 days after the last actual delivery. See Texas Lumber Co. v. E. D. Green Realty Co., 19 La. App. 585, 140 So. 828.

Meyer brings the present suit against the lumber company to recover the $307.75 paid on the Green account and costs incurred and paid by him in the unsuccessful suit to enforce the lien, said costs amounting to $53.50, on the ground that the payment was made under error of law and fact and that the suit was brought because of this error. He alleges that the error of fact was "that petitioner believed that it was necessary to protect his mortgage that he pay the said claim and that he believed that the said claim was a valid lien and encumbrance against the real estate hereinafter described, and a prior lien and encumbrance to his mortgage." That the error of law was "that your petitioner believed that it was necessary to protect his mortgage and pay said claim and that he believed that said claim was a valid lien and encumbrance against the real estate hereinabove described, and a prior lien and encumbrance to his mortgage."

In the lower court there was judgment rejecting the plaintiff's demand, from which he has appealed.

The error in this case was wholly one of fact. Had the lumber covered by the item dated April 15, 1930, as shown on the account filed with the lien, been actually delivered on that date, the lien recorded June 12, 1930, would have been valid, and there would have been no occasion for this suit. There was accordingly no error of law. But the evidence in the suit brought on the lien satisfied two courts that the account was erroneous and that the lumber was delivered at a date prior to April 7, and more than 60 days prior to the recording of the lien. The whole case hinges on this fact.

There is no doubt that Meyer paid the claim because of the letter sent him by the

lumber company telling him that they were about to bring suit on what appeared on the face of the papers prepared by the lumber company to be a valid lien against the property on which he held a mortgage and priming his mortgage. There is also no doubt that his purpose was to protect his mortgage against an incumbrance which, if legal, primed his mortgage. He was not called upon to go back of the account filed by defendant to test its correctness. He had a right to rely upon their representations and the documents filed by them. The whole moving cause which led him to pay this claim was the apparent legality of this lien. While justified in believing it legal, he in fact erred, not because of any error of law, but because of an error of fact of which he was ignorant and which was due to the fault of the company to which his money was paid.

The Civil Code, in article 1821, defines "error of fact" to be: "That is called error of fact, which proceeds either from ignorance of that which really exists, or from a mistaken belief in the existence of that which has none."

Article 1823 provides: "Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself."

Article 1824 reads: "The reality of the cause is a kind of precedent condition to the contract, without which the consent would not have been given, because the motive being that which determines the will, if there be no such cause where one was supposed to exist, or if it be falsely represented, there can be no valid consent." •

■ The fact that the lumber company wrote Meyer about his mortgage on the Armstrong property shows that, as required by article 1826 of the Code, to constitute actionable error, they knew he was only interested in the lien against the property of Kate Armstrong and not in the account against the realty company, and that the lien was the principal and moving cause of the payment. According to our view, the present case comes squarely within the articles of the Code and entitled plaintiff to recover.

As to the costs of the unsuccessful suit, we think he should also recover them. He in error brought the suit that defendant intended to bring and which was brought in its name, and it now has all it could ever have recovered, namely, a judgment against the E. D. Green Realty Company. The repayment of these amounts puts the parties in the situation they would have occupied had the error not occurred.

For the reasons above assigned, the judgment of the lower court is reversed, and judgment is now rendered in favor of the plaintiff and against defendant in the sum of $361.25, with legal interest upon $307.75 thereof from November 25, 1932, until paid, and with legal interest upon the remainder thereof from judicial demand until paid; defendant to pay all costs of both courts.