## COLLINS v. JONES et al.
### No. 4767.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Harry V. Booth and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, for appellant.

Chandler & Chandler and Mabry & Carstarphen, all of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff instituted this action of nullity against City Savings Bank & Trust Company and W. W. Jones to annul and set aside a judgment rendered against him on December 22, 1926, in the suit of Cedar Grove State Bank, No. 44390, on the docket of the First district court, Caddo parish, on the ground that he had not been legally cited in said suit. The City Savings Bank & Trust Company absorbed the Cedar Grove State Bank, acquiring all its assets and assuming all its liabilities, and thereafter, viz., April 9, 1929, for $602.16 in cash, by written act of sale, conveyed said judgment to defendant Jones.

It appears that on November 10, 1926, plaintiff was declared insane by a commission of inquiry, composed of two physicians and one of the judges of said court, as authorized by Act No. 68 of 1918, and was committed to the Central Louisiana State Hospital for the insane at Pineville, La.

On November 26, 1926, before suit No. 44390 was filed, the Cedar Grove State Bank, alleging that plaintiff had been judicially pronounced insane, petitioned the court for convocation of a family meeting in his behalf to name a curator and undercurator for him. The meeting was ordered and duly held. Recommendations were made to the court that B. R. Hendricks be appointed as curator and another person be appointed undercurator. These recommendations were approved by the court and the appointments made pursuant thereto. Service of petition and citation in said suit No. 44390 was made upon said Hendricks, curator to plaintiff. It is this service which plaintiff now attacks and alleges to be wholly illegal and null, and totally lacking in efficacy to support the judgment herein sought to be avoided.

On November 2, 1928, the City Savings

Bank & Trust Company caused to be issued a fieri facias on the judgment against plaintiff and made said W. W. Jones garnishee. He neglected to answer the process served upon him, and, after legal delays, there was judgment pro confesso rendered against him for the exact amount of the judgment against plaintiff, viz., $500, with 8 per cent. interest from May 9, 1923, 10 per cent. attorney's fees, and costs. Discovering his predicament, Jones filed a motion for new trial wherein, inter alia, he alleged himself to be due plaintiff no amount when the garnishment process was served upon him. This motion does not appear to have been pressed for trial. It was in reality filed too late. Jones then purchased the judgment against plaintiff, above referred to, and secured an order from the bank authorizing cancellation of the judgment against him as garnishee. It was promptly canceled. The bank admits service of process upon Hendricks, curator, in the suit against plaintiff, and transfer of the judgment rendered therein to Jones. In other respects, its answer is a general denial to plaintiff's petition. Jones admits purchase of the judgment from the bank, and in all other respects generally denies the allegations of plaintiff's petition. He avers that he paid the bank $602.16 for the judgment, that the bank warranted the validity of its title to said judgment, and that it was a valid judgment against Norman Collins. He called the bank in warranty, and prayed for judgment against it for the price he paid for said judgment against Collins, in event plaintiff herein should prevail in his suit to annul.

The bank, in answer to the call in warranty, in substance pleads: That the act of sale and assignment made by it to Jones was executed at the time the judgment against Jones, as garnishee, was paid and satisfied, and that the same was merely executed and given for the convenience and profit of said Jones; that, as a matter of fact, there was no consideration for same, the price that was paid being for the cancellation of the judgment it had against Jones himself; and that it had no further interest in the matter, after its judgment was paid by him; that Jones, by paying said judgment, thereby recognizing the validity thereof, is now estopped to deny its validity, and estopped to claim reimbursement of the amount paid therefor by him. In the alternative, on information and belief, it avers that at the time Jones paid off the judgment against him, he held securities and property of Collins out of which he could have realized the amount he paid it had he made a reasonable effort to do so, and for

that reason he is estopped to contest the validity of the judgment against him, or of that against Collins. Further, in the alternative, the bank, in reconvention, prays for judgment against Collins for the amount of the note on which the Cedar Grove State Bank sued him in said suit No. 44390. To this alternative demand, Collins interposed a plea of prescription of five years, alleging that the note was dated May 9, 1923, and matured one year after date.

Upon the issues tendered by these pleadings, the case was tried. There was judgment for plaintiff against the bank and Jones, annulling the judgment against him in suit No. 44390. There was judgment in favor of Jones and against the bank in warranty for $602.16, with 5 per cent. interest from April 9, 1929, and annulling the sale of the judgment from the bank to him.

There was judgment in favor of plaintiff and against the bank sustaining the plea of prescription of five years. The bank was also decreed to pay all costs. This appeal is prosecuted by it.

■ The validity of the judgment sought to be annulled is not seriously championed by defendants. It could not well be defended. Its nullity is absolute. Segur v. Pellerin, 16 La. 63; Gernon v. Dubois, 23 La. Ann. 26.

The manner and method of securing appointment of a curator to a person who from mental infirmity is incompetent to administer his own estate, or properly attend to his own person, is provided for in title 9 of book 1 of the Civil Code (articles 389, 426). There was no semblance of effort to track these mandatory provisions of the law prior to the naming of the curator to Norman Collins. Act No. 68 of 1918 was not intended to, and does not in fact, modify or abrogate any of the codal provisions relative to interdiction of persons eligible for such judicial attention. State v. Ford, 164 La. 149, 113 So. 798; Vance v. Ellerbe, 150 La. 388, 90 So. 735.

■■ In this court the issues have been virtually narrowed down to the contest between the bank, as warrantor, and Jones, its assignee. The bank insists, as by it alleged in its answer to the call in warranty, that the amount Jones paid to it was in reality paid by him to secure acquittance and discharge from its judgment against him as garnishee, and not as the price of the transfer of the original judgment against Collins. In support of its position, the bank offered to prove by written evidence the cancellation of the inscription of its judgment against Jones, and by parol evidence attempted to prove its oth-

er allegations. Admission of this proof was objected to as being opposed to article 2276 of the Civil Code, reading as follows: "Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

The evidence was admitted subject to the objection, but was evidently not given effect by the lower court. Counsel for the bank earnestly argues that the proffered testimony was admissible to prove that the price paid by Jones to the bank was not paid for the judgment to Collins, but to discharge the bank's judgment against Jones, and, in answer to a question to him by the lower court, said: "Our contention is that there never was a sale of the judgment."

He argues that a consideration of a written contract may be proven by parol testimony even though such testimony does violence to the declaration of the written instrument on that subject. This is no longer a debatable question. The cause of a contract is always open to proof explanatory of its true nature, as between the parties. Many cases may be cited which so hold. We cite a few of them: Saramia v. Courrege, 13 La. Ann. 25; Dickson v. Ford, 38 La. Ann. 736; Landry v. Landry, 40 La. Ann. 229, 3 So. 728; Cole v. Smith, 29 La. Ann. 551, 29 Am. Rep. 343; Jackson v. Miller, 32 La. Ann. 432; Henderson Iron Works & Supply Co. v. Jeffries, 159 La. 620, 105 So. 792; Guaranty Bank & Trust Company v. Hunter, 173 La. 497, 137 So. 904; McConnell v. Harris Chevrolet Co. (La. App.) 147 So. 827.

But this argument is beside the real question. This testimony would prove, if given its full effect, not a consideration different from that expressed in the solemn act of sale, but would prove that the bank parted with something for such consideration different from that which it declared it had conveyed in the act of sale. The act of sale would thereby be flatly contradicted. The prohibition contained in article 2276 of the Civil Code clearly is applicable to this evidence. It was not admissible for the purposes offered.

We are convinced from the testimony in the case that Jones was due Collins no amount of money, and held in his possession no property of his, when the garnishment process was served on him, and that through a misapprehension of the legal situation, he failed to answer to the process as was his duty.

■ The judgment against Collins being an absolute nullity, every proceeding based upon its faulty foundation is stricken with nullity. With its fall goes the garnishment proceeding and the pro confesso judgment against Jones, the garnishee; and even though the bank's contention be correct that the amount Jones paid it was to discharge the judgment against him as garnishee, and not for transfer of its judgment against Collins, in the final analysis the result would be the same—Jones would have received nothing for his money, and paid same under a misapprehension of his legal rights.

■ The transfer from the bank to Jones contains no warranty covenant, but this omission is immaterial. Warranty is implied by law. "He who sells a credit or an incorporeal right, warrants its existence at the time of the transfer though no warranty be mentioned in the deed." Article 2646, Civ. Code; Succession of Mahoney, 167 La. 255, 119 So. 40.

■ One selling a debt or incorporeal right not only warrants his title thereto, but also warrants existence of the debt or right sold, and that it exists as the parties understood; it, accompanied with all the securities contemplated by the contract of sale. Toler v. Swayze et al., 2 La. Ann. 880; Corcoran v. Riddell, 7 La. Ann. 268; Benner v. Van Norden, 27 La. Ann. 473.

The recent case of Meyer v. Texas Lumber Company, 150 So. 407, decided by this court, is apropos of the question now discussed. In that case the defendant had recorded its supply and material account lien against the lot of one Armstrong, in the city of Shreveport, on which Meyer held a prior mortgage. The account on its face disclosed that the recording thereof was timely, that is, that it was recorded within the period necessary to preserve the lien, but as a matter of fact, the registry was not timely. Meyer, on representations of the defendant, and believing the account to be secured by lien on the lot mortgaged to him, and to protect himself, purchased defendant's account and its lien, if such existed. It was held that no lien existed. Meyer sued to recover the amount he had paid the lumber company and was successful in the effort. The Supreme Court declined to review our judgment in the case, presumably approving same.

Jones had every reason to believe that the judgment against Collins was valid. The bank's garnishment against him was directly based thereon. He thought, and was justi-

fied in assuming, that the judgment possessed all the virtue and had as its accessories all the lien and mortgage possibilities concomitant to such solemn acts, the highest form of liquidated debt. Desiring to retrieve, as far as possible, the loss he was forced to absorb, he wished to own the judgment, doubtless hoping that the opportunity would one day come his way to force collection thereof from Collins.

The estoppels pleaded by the bank are not urged here. They have likely been abandoned. They are without merit anyway.

### Plea of Prescription.

It is urged here that there is no evidence in the record to show that the note of Collins, sued on by the Cedar Grove State Bank, has prescribed, and that: "As a matter of fact, the same has been acknowledged a number of times by Collins, prior to the running of prescription, and we submit that the lower court erred in any event in this regard."

No such acknowledgment by Collins has been proven. The issue in this respect was tendered by the plea. No effect whatever was made to prove an acknowledgment of the note by Collins, or an interruption of the current prescription on the note.

We think the judgment appealed from correct, and it is affirmed, with costs.

MILLS, J., recused.