CHRIS T. BARNETTE, Judge.
The defendant, Johnnie Mae McGee, has appealed from a judgment denying her motion to vacate garnishment.
The record before us on this appeal is obviously incomplete in that certain important proceedings and minute entries referred to by both counsel in their arguments in this court are not included. Our statement of the case, which is necessary to explain our disposition of this appeal, is based in some important aspects on matters not reflected by the record, but which, from argument of counsel, there seems to be little dispute.
The plaintiff, Kent J. Zimmermann, filed suit in the First City Court of New Orleans on an alleged indebtedness representing $150.00 for two months past due rent and $58.89 for expense of cleaning up the vacated premises. Service on the defendant was requested to be made on her at 2116 Conti St., the alleged vacated premises. The Constable’s return of service shows 2116 stricken out and changed to *250 2114 Conti St. with the notation that “Lady-Refused service & same dropped at feet”, and dated August 15, 1969. On its face it purports to be a domiciliary service. On January 14 a judgment by default was rendered against defendant in the amount of $213.89. (An obvious error of $5.00)
On March 6, 1970 the plaintiff caused a writ of fieri facias to issue and pursuant thereto a writ of garnishment was directed to the Royal Orleans Hotel, the defendant’s employer. The unexplained figure of $427.78 is mentioned in the interrogatories served on the garnishee. The garnishee answered, admitting her employment at a wage of $67.00 per week. On April 1, 1970 a judgment was entered against the garnishee ordering the payment of twenty per cent of defendant’s wages weekly. The defendant contends that she had no knowledge of having been sued until informed of the garnishment by her employer.
On April 29, 1970 defendant filed a petition for nullity of judgment based on no service of process. An answer to the petition for nullity in the form of a general denial was filed May 5 and thereafter the record indicates an allotment of the case and a setting for trial on July 3, 1970. There is nothing in the record showing service of the original petition and citation of defendant but counsel in argument before this court allude to the service made on her on July 3 in open court when the nullity action was scheduled to be heard. The next filing in the record is defendant’s answer to the original petition in the nature of a general denial July 8, 1970. There is nothing in the record or minutes to indicate that the petition for nullity was judicially concluded, except as may be reflected by the statement of the trial judge (apparently dictated to the court stenographer but not signed) at the time the court denied the motion to vacate the garnishment. This will be discussed more fully below.
Thereafter, following a trial on the merits of the original petition, a judgment was rendered in favor of the plaintiff in the amount of $70.00. That judgment purports to have been signed by the Judge on September 15. The minute entry indicates it was read and signed on September 8.
On October 1, 1970 the defendant filed a “Motion to Vacate Garnishment” seeking the release of the money withheld from her wages. We find no formal judgment but there is written on the motion over the signature of the Judge the following:
“October 16, 1970
Motion denied for written reasons”
The “Reasons for Judgment” dictated to the court reporter are as follows:
“THE COURT:
“When this case came up on the motion for annulity of judgment it is the court’s recollection there was an order setting aside the original judgment and a new judgment was executed making certain allowances. The new Judgment was in favor of the plaintiff making certain allowances and as far as the defendant was concerned, the original liability on the judgment was not affected. At that time it was the court’s recollection there was an agreement between counsel that the money was being held under a garnishment and was to be distributed in accordance with the judgment. The plans to receive his judgment out of the money garnished from the defendant and the defendant was to receive the over-plus. Therefore a motion to set aside the garnishment is being dismissed.”
It is from the denial of the motion to vacate the garnishment that this appeal was taken.
The foregoing sequence of procedural mistakes makes it difficult for this court to render a judgment which will be dis-positive of the material issues which are apparent from the record before us.
*251 It appears probable that there was no valid citation and service of the original petition on defendant until perhaps July 3, 1970, but there is no return of this alleged service. At any rate issue was joined by her answer filed July 8. If there was no service and citation the default judgment of January 14 was a nullity and the fieri facias and garnishment pursuant thereto were likewise nullities.
If that judgment was not annulled on July 3, when we must assume the petition for nullity was heard, we can think of no reason why the defendant should then be served with process or why she would then file an answer to the original petition. If the action for nullity was not tried and adjudicated on July 3, it is still pending and all further proceedings would be most irregular, if not without effect.
The entry of the second judgment on September 8 (or 15) which on its face purports to be a regular judgment on the original petition, indicates that the first judgment had been annulled. This would tend to support the trial judge’s “ * * * recollection there was an order setting aside the original judgment * * * The garnishment which the motion to vacate attacks emanated not from the September judgment but the January judgment. The purported second judgment, even if valid by reason of some circumstance not revealed by the record, could not revive and breathe life into the garnishment which was a nullity from its inception.
The judgment of October 16, 1970 denying defendant’s “Motion to vacate Garnishment” is annulled and set aside and the case is remanded to the trial court for further proceedings consistent with the views herein expressed. The plaintiff, ap-pellee is cast for the costs of this appeal and all other costs shall be assessed in accordance with final judgment on remand.
Judgment annulled; remanded.