JONES, Judge.
Plaintiff, Alfred T. Ebey, filed a garnishment against the Jackson Parish School Board (School Board) to execute a judgment obtained by plaintiff against Southern Health Benefit Foundation For Employees and Dependents (Southern Health). The School Board answered Ebey’s interrogatory asserting it had no funds of Southern Health within its control. Plaintiff appeals an adverse decision on his rule to show cause why a judgment pro confesso should not be rendered against the School Board. We affirm.
Southern Health is an express trust set up under the laws of Louisiana and California. The settlors of the trust were the *DII employers who established health, hospitalization, and related benefit plans for their employees. The employers were obligated to pay into the trust certain funds which were determined by the National Administrator. These funds were obtained by deduction from the employees’ paychecks and were held in the trust and disbursed to the employees-beneficiaries when covered medical expenses occurred. Corporate Services For Insurance, Inc., a California corporation, was named trustee in the trust agreement. The trustee’s primary duties were to make payments out of the trust, fund (as directed by the National Administrator) and to invest and reinvest both the principal and income. Corporate Insurer’s Service of Louisiana, Inc., a Louisiana corporation, was named National Administrator. Its main responsibility was to administer the Master Plan which was designed to pay medical expenses incurred by the participating employees. The Jackson Parish School Board was a participating employer in the Southern Health trust.
The trial court held plaintiff was not entitled to a judgment pro confesso on the funds withheld by the School Board from employees’ salaries subsequent to the filing of the garnishment because the School Board held these funds as an intermediary between its employees and Southern Health. The trial court found the funds belonged to the employees until they were received by Southern Health and therefore were not subject to garnishment in the hands of the School Board.
Plaintiff urges that the trial court committed manifest error when it determined that the funds were not subject to garnishment in the hands of the School Board. Plaintiff contends the School Board was in control of the funds belonging to Southern Health which were subject to seizure in the garnishment proceeding by Southern Health’s judgment-creditor. We do not find it necessary to decide plaintiff’s contentions as to this finding of fact by the trial court. The judgment upon which plaintiff seeks to execute is a nullity, and the School Board was therefore legally justified in refusing to honor the garnishment.
The judgment was rendered against Southern Health as the defendant.[1] Southern Health is a trust. LSA-C.C.P. Art. 742 provides:
“The trustee of an express trust is the proper defendant in an action to enforce an obligation against a trust estate.”
La. R.S. 9:2093 mandates as one of the specific duties of a trustee the responsibility to:
“. . . defend actions that may result in a loss to the trust estate . . .”
Relying upon the cited Civil Code of Procedure article and statute, the supreme court in the decision of Matter of Harleaux, 359 So.2d 961 (La.1978) stated:
“. . . the only indispensable party to a suit against a trust is the trustee. He is ‘the proper defendant in an action . against a trust estate’ ”. Id. at 963
LSA-C.C.P. Art. 641 provides:
“. . . No adjudication of an action can be made unless all indispensable parties are joined therein.”
Since the trustee of Southern Health, Corporate Services For Insurance, Inc., was neither joined nor named as a party to the suit wherein the default judgment was rendered finding Southern Health to be the judgment-debtor of Ebey, the proceeding lacked an indispensable party. The judgment is null under the terms of LSA-C.C.P. Art. 641. Because the judgment upon which the garnishment is based is a nullity, the judgment pro confesso sought by Ebey cannot be granted. The court in National Park Bank v. Concordia Land & Timber Co., 154 La. 31, 97 So. 272 (1922) stated:
*DIII “As the demand against the garnishee is purely ancillary to that against the defendant, if the judgment based on the latter should fall, the judgment against the garnishee should fall with it.” Id. at 274.
See also Collins v. Jones, 152 So. 802 (La. App. 2d Cir. 1934) where it was held that if the judgment against the defendant were null, then every proceeding based upon its faulty foundation, including a judgment pro confesso rendered in a garnishment proceeding, is stricken with nullity. A more recent case is Zimmermann v. McGee, 249 So.2d 249 (La.App. 4th Cir. 1971) in which it was held that a garnishment based upon a judgment rendered in a proceeding lacking valid citation and service of process upon defendant is a nullity. The garnishee has an interest in seeing that the judgment against the defendant is valid so that the garnishee will be protected in its payment to the plaintiff.
The School Board was correct in refusing to turn over to Ebey the funds allegedly belonging to Southern Health because the judgment under which Ebey gained the right to claim these funds was a nullity.
The judgment is AFFIRMED at appellant’s cost.

. Plaintiffs garnishment petition alleges the name of the trustee and its Louisiana agent for service of process, but he does not allege there was service of the suit upon the trustee or that the trustee was made a party to it. He affirmatively alleges that judgment was only against “Southern Health Benefit Foundation For Employees and Dependents” (this is the name of the trust). The judgment in the record also reflects that it was only against Southern Health Benefit Foundation For Employees and Dependents.