GEORGE BERGEROT and another *v.* JOHN F. FARISH.

The master of a vessel is authorised, under his general powers, to make a contract of affreightment, and the owner is bound to perform any lawful agreement he may enter into, relative to the usual employment of the vessel.

Where a general power is confided to an agent, a party contracting with him will not be bound by any limitation which the principal may affix, at the time or afterwards, by distinct special instructions, unless knowledge of them be brought home to him. So, where a power of attorney has been revoked, the rights of one who has contracted with the agent, in ignorance of the revocation, will not be affected thereby.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

*Benjamin*, for the plaintiffs.

*L. C. Duncan*, for the appellant.

MORPHY, J.　This is a claim for damages against the owner of the ship Garonne, for the breach of a contract of affreightment, entered into by the petitioners with Charles Sagory, his agent, and master of said ship, for the conveyance of a full cargo of cotton from New Orleans to Havre, at the rate of one cent per pound, and five per cent primage.　The material facts of the case, as exhibited by the record, are, that on the 12th of December, 1842, the ship Garonne arrived at this port from Bordeaux; that her master, Charles Sagory, finding here no letters or

instructions from her owner, consulted with N. N. Wilkinson, who was the former agent of the defendant in New Orleans ; that they came to the conclusion that it was necessary, forthwith, to charter his ship, that in order to provide funds for the payment of a bottomry bond of $2,805 70, the amount of which, on his trip to Bordeaux, he had been compelled to borrow, which bond fell due on the 25th of December. Sagory accordingly made the contract on the 17th of the same month. On the 19th he received a letter from his owner in New York, dated the 16th of November, enclosed in one from Mr. Casselle of the same city, the latter bearing date the 5th of December. The defendant's letter directed Sagory to hold the Garonne subject to the order of Casselle, whose letter ordered him to put her under the control of Gardner, Sagers & Co., who would satisfy and pay the bottomry bond. The petitioners having been advised on the same day that they could not have the Garonne, as she had been placed by her owner under the control of Gardner, Sagers & Co. previous to her arrival, the latter were called upon and requested by the petitioners to carry into effect the engagement entered into between Sagory and them on the 17th of December. They replied, on the 22d of the same month, that, as agents of the Garonne, they would not ackowledge any arrangement made with captain Sagory, and refused to receive the cargo tendered to them by the petitioners. Freights having risen immediately after the 17th of December, no vessel could be got to carry their cotton to Havre for less than 1 1-4 cents per pound. The plaintiffs accordingly engaged the ship Camira at that rate, and brought the present suit to recover the additional freight they had to pay. There was a judgment below in their favor, and the defendant appealed.

The authority of a master, under his general powers, to make a contract of affreightment, cannot be questioned, and the owner is bound to the performance of every lawful agreement he enters into relative to the usual employment of the ship. Abbott on Shipping, part 2, chap. 2, p. 77. 3 Kent's Comm., 162. Story on Agency, § 116, 161. It is equally clear that where a general power is confided to an agent, the party contracting with him is not bound by any limitation which the principal

may have affixed, at the time or since, by distinct instructions, unless knowledge of such special instructions is brought home to him; in like manner when a power of attorney is revoked, the rights of the party who has contracted with the agent in ignorance of such revocation, are not thereby affected. Story on Agency, § 466, 470. In the present case the master appears to have acted with prudence and discretion, and within the scope of his powers. His engagement with the petitioners ought to have been acknowledged by the new agents of the ship as binding on the owner and on them, and the defendant is responsible for the damages resulting from the breach of it.

*Judgment affirmed.*