## EMMET GEORGE v. WILLIAM SANDEL.

A principal is bound by the acts of his agent, made with third persons, after the revocation of the agent's power, unless it appear that the parties with whom the agent deals had notice of the revocation of the agent's authority and were not acting in good faith.

APPEAL from the District Court, Parish of Morehouse, *Crawford*, J. *Todd & Brigham*, for appellant. *D. C. Morgan*, for appellee.

This case was tried by jury in the District Court.

The facts are stated in the opinion of the Court.

LABAUVE, J. The plaintiff claims of the defendant the plantation and premises described in the petition, and the sum of $1,000 as damages, and the further sum of $1,200 for the rent of the land.

The defendant first appeared by an exception, which was partly overruled, and the other part referred to the merits.

On the merits, the defendant answered by a general denial, and further

pleaded that, at the time of the filing of this suit, and prior thereto, he was in possession of the premises described in the petition, by virtue of a contract of lease entered into by defendant with the said George, through his duly authorized agent, Daniel S. Beauchamp, under which lease he was still in possession of the property for the present year, 1866, etc.

Upon these issues, the parties went to trial before a jury, who gave a verdict that William Sandel retain possession until 1st January, 1867, and reap the benefit of the growing crop, and will be indebted, at that time, to plaintiff in the sum of one thousand dollars, as rent and damages.

The Court having rendered judgment in accordance with said verdict, both parties appealed.

The principal question involved in this case is, whether Daniel Beauchamp had power and authority, as agent of plaintiff, to rent the land to defendant.

On the 5th of October, 1865, the plaintiff wrote to D. Beauchamp, requesting him to attend to several matters for him, and, in the letter, he says : *Please rent my place for the year 1866 as well as you can; I will ratify anything you do.*

On the 22d of December, 1865, Daniel Beauchamp, acting as agent for plaintiff, rented the place in question to the defendant, for the year 1866, the lessee agreeing to pay four dollars per acre; the agreement was in writing, and in duplicate.

Beauchamp, the alleged agent, testified that the date shown on the face of it, was the date of the contract, and that the defendant took possession of said place about the first of January of the present year, 1866.

Plaintiff, on the first of January, 1866, by a regular act passed before a competent officer, in Texas (where the plaintiff was at the time), made and constituted A. V. Gardner, of Dallas County, Alabama, his lawful agent to act for him in the State of Louisiana.

It is contended by plaintiff that the said Beauchamp had declined and refused the mandate, and had, for that purpose, written to the plaintiff, requesting him to appoint some one else ; but, the very fact that he acted under said mandate, in renting the land to defendant, was a tacit acceptance. C. C. Art. 2958. .

It is also contended that the plaintiff had revoked his power of attorney to Beauchamp, by appointing as such, Gardner, on the 1st of January, 1866, and that Beauchamp had no authority to act any more.

To affect the defendant, it was necessary that he should have had knowledge or notice that Beauchamp had refused the agency, or that the plaintiff had revoked his power conferred unto his said agent, Beauchamp; there is no such knowledge or notice proved in the record; the power of attorney being in the possession of the agent, it is presumed that the defendant acted in good faith until the contrary be proven; besides, the pretended revoking power was granted on 1st of January, 1866, and the lease

entered into on the 22d December, 1865.  C. C., Articles 2997, 2998.

A mass of testimony has been introduced, tending to show that Beauchamp had not acted faithfully, but this imputation cannot affect the defendant, in the absence of proof that there was fraud or collusion on his part, in the transaction; plaintiff must blame himself if he has selected an unfaithful agent ; his recourse is against him.  Civil Code, Art. 2972.

We are of the opinion that plaintiff is bound by the lease entered into by his agent, Beauchamp, and has no right of action at this time.

It is therefore ordered and decreed, that the verdict of the jury and the judgment of the District Court thereupon be set aside, annulled and avoided.  It is further ordered and decreed, that judgment be rendered against the plaintiff and in favor of the defendant, and that plaintiff pay costs in both Courts.