## No. 1589.—CALDWELL & SHANNON v. NEIL BROTHERS.

A commercial firm having executed a power of attorney to their agent to draw bills of exchange upon them and never having given the public notice of the revocation of the agency cannot avoid the payment of bills drawn by the agent, on the ground of want of authority to draw the bill.

Where one of two parties must suffer, the loss must be borne by him who contributed to bring it about.

Evidence will not be admitted to establish a fact not alleged in the pleadings.

APPEAL from the Fourth District Court of New Orleans. *Theard*, J. *Elmore & King*, for plaintiffs and appellees, *McCay & Luzenburg*, for defendants and appellants.

LUDELING, C. J. This appeal is taken from a judgment against the defendants as drawers of a bill of exchange for £100 with interest and damages.

The only defense set up in the pleadings which is relied on in this court is that J. Briegleb, who drew the bill as agent of the defendants, had no authority to draw it.

Caldwell & Shannon v. Neil Brothers.

Briegleb testifies as follows: "I was, at the time I drew the bill of exchange as the agent of Neil Brothers, authorized to do so. I was authorized to do so by a written power of attorney, of which a copy is annexed. *Neil Brothers* have recognized my authority to draw bills of exchange *as their agent*, on two previous occasions, by ordering J. C. Ollerenshaw, of Manchester, to accept and pay two drafts for £100 each, drawn by me previous to the one now in suit. They were paid. I drew under the authority of my power of attorney."

The power of attorney referred to was dated fifth June, 1856, and was signed *Neil Brothers & Co.* The firm of Neil Brothers & Co. was dissolved in 1859. A circular announcing the dissolution of that firm also announced that the business would be continued under the *same name* at Mobile and New Orleans. Briegleb continued to act as their agent under the old power of attorney with their knowledge, and they paid his drafts drawn as agent. They thus induced the public to believe that Briegleb was their agent. If one of two parties must suffer the loss must be borne by him who contributed to bring about the state of things which caused the loss. Story on Agency, 856; 4 An. 19; 3 An. 400; 1 Parsons on Bills, 101. Besides the witness, Briegleb, positively swears that he was authorized by *Neil & Brothers* to draw the bill.

Our attention has been called to a bill of exceptions taken to the ruling of the court *a qua*, excluding certain testimony. The testimony of Briegleb, plaintiffs' witness, was taken by commission.

The defendants propounded a question to him, on cross-examination, to prove that the consideration was Confederate treasury notes or obligations. The question was objected to by the plaintiffs on the ground that this defense was not made in the pleadings, and they moved to strike out the answer of the witness to this question. The District Judge sustained the objection and rejected the answer. We think the ruling was correct. The proof must correspond with the allegations.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, and that the appellants pay the costs of the appeal.