## No. 172.—D. B. Harris v. Cuddy, Brown & Co.

A settlement made by the agent before the revocation of the power of attorney is binding on the principal.

Where an agent holds a power of attorney by public act, the presumption is that the parties with whom he acts for and in behalf of his principals, have knowledge of his authority to represent them.

APPEAL from the Fifth District Court of New Orleans. *Eggleston, J. Simonds & Fenner*, for plaintiff and appellee. *Alexander T. Steele* and *J. D. Mayer*, for defendants and appellants.

WYLY, J. In February, 1856, the plaintiff, as surviving partner of John L. Harris, deceased, shipped, after the death of the latter, from their plantation in Bolivar county, Mississippi, three hundred and ninety-nine bales of cotton consigned to the defendants for sale at this place.

On sixteenth March, 1856, the defendants remitted to plaintiff $8619 41, one-half of the net proceeds of said consignment. The plaintiff has instituted this suit to recover the other half of the proceeds.

The answer admits the receipt of the cotton and the amount of proceeds thereof as alleged, but avers that under the direction of William H. Harris, the brother of the plaintiff, acting under a full power of attorney from him, the defendants paid to plaintiff one-half of the amount in their checks on Duncan, Sherman & Co., of New York, and they paid over the balance of the proceeds of said cotton to the said William H. Harris, as agent of plaintiff. A copy of the power of attorney is annexed to the answer.

From a judgment against them in the lower court, the defendants have appealed.

It appears from the evidence that the defendants credited the account of William H. Harris, who was owing them, with one-half the amount

of the proceeds of the cotton and remitted the other half to the plaintiff; that on twenty-third of February, 1856, the plaintiff by authentic act passed before a notary public of this city, appointed the said William II. Harris his attorney in fact, with full powers to receive for him, by suit or otherwise, all sums due him, to buy, sell and perform all acts that he might see proper for his principal in the State of Virginia and other States.

This power of attorney was revoked on twenty-fifth March, 1856, but it does not appear that defendants were notified thereof. It does appear, however, that the settlement with the agent, William II. Harris, was made on the eighth March, 1856, and prior to the revocation of the power of attorney.

Plaintiff made one of the defendants, Shepherd Brown, his witness, who appears from his evidence to have been informed of the existence of the power of attorney from the time it was given. The transaction, however, between William H. Harris and the defendants was had with Mr. Cuddy, the active partner of the firm, who died in a short time afterwards.

The power of attorney was given by public act, and we are bound to presume in the absence of proof to the contrary that the defendants made the settlement with William H. Harris with a knowledge of his authority to represent the plaintiff. Having paid over the proceeds to a party authorized to receive them by plaintiff's power of attorney, we think the defendants should not be held liable. Plaintiff must pursue his unfaithful agent.

It is therefore ordered that the judgment appealed from be avoided and annulled; and it is now ordered that there be judgment in favor of defendants, and that plaintiff pay costs in both courts.

Rehearing refused.