REGAN, Judge.
Plaintiff, D. H. Holmes Company, Ltd., instituted this suit, on an open account, against defendant, C. Gordon Terry, endeavoring to recover the sum of $162.62 for merchandise which consisted of household linens, male and female wearing apparel sold, charged and delivered between the dates of May 25 and June 13, 1950, in the name of Mrs. C. Gordon Terry, under the assumption that the Terrys were man and wife.
Defendant answered and generally denied that he was indebted unto plaintiff.
The court, a qua, rendered judgment in favor of plaintiff in the amount of $40.-56, apparently based on the fact that since defendant had the use of this much of the merchandise he should be obligated to pay only for that portion thereof. From that judgment plaintiff has prosecuted this appeal. Defendant has answered the appeal requesting that the judgment be reversed.
The record reflects that defendant and Mrs. Rosalie Rita Moore, on March 22nd, 1950, rented a furnished apartment in No. 2431 Milan Street from the lessor, Miss Regina Kristal, in the names of Mr. and Mrs.- C. Gordon Terry, which1 they continued to occupy as man and wife until sometime in June, 1950, although they had never married.
Subsequently they moved to 5010 Freret Street where they were likewise known by the lessor and neighbors as man and wife. Mrs. Moore stated that the defendant, at all times during the continuation of this relationship which ended in August, 1950, endeavored to publicly establish her as his wife.
Mrs. Moore testified that between March 22, and June, 1950, defendant authorized her to open an account with plaintiff and, in conformity therewith, she, with his permission, furnished plaintiff with defendant’s name, occupation and business address and, when these facts had'been properly verified, to confirm defendant’s credit, plaintiff opened the account and she purchased the merchandise which is the subject of this litigation. Defendant, although present in court during the testimony of Mrs. Moore, never attempted to rebut her statements nor did he testify in his own behalf.
Plaintiff’s assistant collection manager stated that the account which was opened in the name of Mrs. C. Gordon Terry Was based on the credit rating of defendant:
Plaintiff contends that marriage is presumed when a man and woman have the general reputation, in the community, of being husband and wife and live together as such, therefore, defendant is liable for Mrs. Moore’s “necessities of life” as though they had actually been man and wife.
Defendant, on the other hand, maintains that there exists no legal obligation on his part to provide Mrs. Moore with the “necessities of life” or to support Mrs. Moore in the absence of marriage.
Obiviously the facts and the respective contentions of the litigants pose an interesting legal question which we do not need to decide in order to hold defendant liable for the monetary value of the merchandise purchased from plaintiff.
The testimony elicited from Mrs. Moore stands uncontradicted in the record to the effect that defendant authorized and per *842 mitted her to open this account and to use his name and credit to obtain the merchandise from plaintiff. These facts reflect, in the ultimate, that Mrs. Moore was, in reality, acting in the capacity of defendant’s agent in procuring household linens, male and female wearing apparel from plaintiff which, in the final analysis, was in furtherance of the interests of the relationship which they had mutually created and, accordingly, he is liable as principal for the full amount of the merchandise so purchased from plaintiff.
For the reasons assigned the judgment appealed from is amended by increasing the amount awarded plaintiff from $40.56 to $162.62, and as thus amended it is affirmed.
Amended and affirmed.