140 So.2d 762 (1962)
NEIMAN-MARCUS COMPANY, Plaintiff-Appellant,
v.
Harry L. VISER, Jr., et al., Defendants-Appellant-Appellee.
No. 9682.
Court of Appeal of Louisiana, Second Circuit.
April 4, 1962.
Rehearing Denied May 9, 1962.
Certiorari Denied June 15, 1962.
*764 May & Woodley, Shreveport, for plaintiff-appellant.
Mecom, Scott & Despot, Shreveport, for Mrs. Clara Lou Holley Viser.
Love & Rigby, Shreveport, for Harry L. Viser, Jr.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action upon an open account consisting of clothing and other items of merchandise purchased by a wife and charged to her husband. Made defendants were the husband and the wife, who were living separate and apart at the time the purchases were made.
Recovery of judgment is sought upon the grounds (1) that the wife made the purchases as an agent of the marital community of acquets and gains existing between the husband and wife with his authorization and approval; (2) that, in the alternative, the husband ratified, on behalf of the community, the purchases made by the wife; and (3) that, in the further alternative, the purchases were of necessities and consisted of such items as the husband should have, but did not, provide his wife; and, finally (4), that the wife bound herself individually and separately, as well as in solido, with the marital community for the payment of said account.
After trial, there was judgment rejecting plaintiff's demands, as against the husband, but condemning the wife for payment of the account. From this judgment, plaintiff appealed, so far as the judgment rejected its demands against the husband, and the wife appealed insofar as the judgment condemned her for payment of the account.
For a defense, the husband denies the relationship of principal and agent between him, or the community, and his wife in the latter's purchase of the aforesaid merchandise, and denies he ratified her acts in making said purchases, or that such purchases constituted necessities which he had failed or refused to provide his wife. The opposite of this position is taken by the wife, who further specially denies any individual liability on her part.
A decisive issue, in our opinion, relates to the question of the relationship between the husband, or the community of acquets and gains, and the wife when she made the purchases of the items constituting the account sued upon.
The material fact pertaining to this issue is that the defendant husband had applied for a credit rating with the plaintiff; this application was approved and he was extended credit; and, as evidence of the extension of this privilege and as an authorization to its clerks to extend credit for purchases made on the husband's account, plaintiff issued and delivered to the defendant husband, in 1954, a "Charga-Plate," which we understand to be a form of credit card. After defendants' marriage in December, 1957, the "Charga-Plate" was delivered by the husband to the wife who, in January, 1958, made purchases on his account. Without protest, defendant husband paid for these purchases.
*765 The defendants separated March 9, 1958. The defendant herein, Harry L. Viser, Jr., took, from their apartment, the furnishings, including such items as draperies, carpets, linens, and towels. Gas and electric services were discontinued upon his request, as was the telephone.
On March 12, 1958, Mrs. Viser purchased and charged to Mr. Viser's account, using the "Charga-Plate," the items of clothing, linens, and other personal items making up the account herein sued upon. Mr. Viser had, however, on March 11, 1958, written plaintiff a letter withdrawing and withholding all authority of his wife to make purchases on his account. This letter, however, was not postmarked in Shreveport, where it was mailed, until March 15, 1958, and, hence, could not have been received until after the sales were made.
From the foregoing recitation of facts, the conclusion is inescapable that a relationship of principal and agent existed between Mr. and Mrs. Viser. The delivery of the "Charga-Plate" by Viser to his wife constituted an authorization for the purchases made by her and for their charge to his account.
In the sense in which the term is here used, "agency" may be defined as the relation which results where one person, called the "principal," authorizes another, called the "agent," to act for him with more or less discretionary power in business dealings with third persons (2 C.J.S. Agency § 1, p. 1023). An act by which one person gives power to another to transact for him and in his name one or several affairs is a mandate (LSA-C.C. Art. 2985). This mandate may be conferred by an instrument in writing, through either a notarial or private act, or even by letter, as well as verbally, in appropriate instances (LSA-C.C. Art. 2992), and is completed by its acceptance (LSA-C.C. Art. 2988). This acceptance may be expressed in the act itself or by a posterior act, and even tacitly, when it may be inferred from the agent or mandatary acting under it (LSA-C.C. Art. 2989).
Our conception of the law is that, when one clothes another with apparent authority to act for him, insofar as a third party is concerned, he will not be permitted to deny that fact; that is, where a person, by his acts or conduct, has knowingly caused or permitted another to appear as his agent to the injury of third persons, who have dealt with the apparent agent in good faith and in the exercise of reasonable prudence, he will be estopped to deny the agency. Cason v. Cecil, 194 La. 41, 193 So. 362; American Disinfecting Co. v. Police Jury of Grant Parish, La.App. 2d Cir., 1929, 120 So. 135; Miller v. Hammond Motors, La. App. 1st Cir., 1949, 40 So.2d 29; D. H. Holmes Co. v. Terry, La.App. Orleans, 1952, 58 So.2d 840; 2 C.J.S. Agency § 29b, p. 1063. The principal is, therefore, bound by the engagements contracted by his agent or mandatary conformably to the power confined to him (LSA-C.C. Art. 3021). Where the husband authorized and permitted the wife to use his name and credit to obtain merchandise from plaintiff, she was acting in the capacity of his agent and he is, therefore, liable, as principal, for the purchase price of the merchandise. D. H. Holmes Co. v. Terry, supra.
The principal, of course, may revoke the mandate, power of attorney, or contract of agency and compel the agent to deliver evidence of his authority (LSA-C.C. Art. 3028). Francis v. Bartlett, La. App.2d Cir., 1960, 121 So.2d 18. This, the defendant husband attempted to do by letter addressed to plaintiff. However, this attempted revocation was ineffectual, having been given after the purchases were made.
As a general rule, where a third person has been dealing with an agent, a revocation of the agent's authority does not become effective between the principal and the third person subsequently dealing with the agent as such until such third person has received actual or constructive notice of such revocation. Consequently, such third person may assume that the authority of the agent continues until he has information *766 to the contrary. Bergerot v. Farish, 9 Rob. 346; George v. Sandel, 18 La.Ann. 535; Caldwell v. Neil, 21 La.Ann. 342; Harris v. Cuddy, 21 La.Ann. 388; Jurgens v. Ittmann, 47 La.Ann. 367, 16 So. 952; George J. Ricau & Co. v. Indemnity Ins. Co., La.App. Orleans, 1937, 173 So. 217; LSA-C.C. Art. 3029.
We are therefore of the opinion, and so hold, that the defendant husband, Harry L. Viser, Jr., is bound to plaintiff on his account for the purchases made by the wife acting as his agent pursuant to his authorization conferred by the delivery of his credit card, or "Charga-Plate," to enable her to purchase and charge to his account.
Lastly for consideration is Mrs. Viser's liability to plaintiff for the purchases made. Appropriate is the language of LSA-C.C. Arts. 3012 and 3013. The first of these provides that
"The mandatary, who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee."
The second reads:
"The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."
That Mrs. Viser was acting only in a representative capacity and under the authority conferred through the possession and presentation of the credit card, or "Charga-Plate," was fully known to plaintiff. No showing is made that she entered into any personal guarantee, or that she bound herself personally. The rule is that, where a mandatary has communicated his authority to a third person with whom he contracts, or, where such third person has knowledge of the capacity in which the mandatary acts, the mandatary cannot be held personally liable to such third person unless the mandatary has entered into a personal guarantee. Trastour v. Fallon, 12 La.Ann. 25; Delaroderie v. Hart, 20 La.Ann. 126, 129; Barry v. Pike, 21 La.Ann. 221; Wilson Sporting Goods Co. v. Alwes, La.App. 1st Cir., 1945, 21 So. 2d 102 (writs denied).
Nor is one who contracts as agent for another bound personally if it develops that he exceeded his authority or acted without authority, unless the other party to the contract was misled or deceived. A. Lorenze Co. v. Wilbert, 165 La. 247, 115 So. 475. There is no showing of the existence of such a situation here.
It may be appropriate to make the further observation that, when the purchases were made, defendants were husband and wife; the obligation created was, therefore, a community debt. In an action involving one of these defendants, entitled Smith v. Viser, La.App. 2d Cir., 1960, 117 So.2d 673, 674, this court aptly observed:
"It is probable that there are no principles more elementary, more fundamental, more firmly imbedded in the law of Louisiana, and more clearly understood, than the principles that the wife is not personally liable for a community debt; that the husband is the head and master of the community, and that creditors thereof must obtain satisfaction of their claims from the husband who is individually liable for community debts, or, in certain instances, by proceeding against the community property. See LSA-C.C. Article 2403.
"Though the above principles need no citation of authority, we, nonetheless, point out that this court squarely decided the issue presented in the instant case in Ward v. Trimble, La. App., 20 So.2d 765. (Cited by the Orleans Court of Appeal in Rouchon v. Rocamora, La.App., 84 So.2d 873, and by the First Circuit Court of Appeal *767 in Brock Furniture Co. v. Carroll, La.App., 86 So.2d 715)."
We, therefore, conclude, and so hold, that the defendant, Mrs. Viser, is not, under the facts and circumstances as disclosed in this record, liable to plaintiff for the purchases made.
Accordingly, the judgment appealed is annulled, avoided, reversed and set aside, and
It is now Ordered, Adjudged and Decreed that plaintiff, Neiman-Marcus Company, have and recover judgment of the defendant, Harry L. Viser, Jr., for the full sum of $824.70 with 5% per annum interest thereon from judicial demand until paid, and for all costs, including the cost of this appeal.
It is further Ordered, Adjudged and Decreed there be judgment herein in favor of the defendant, Mrs. Clara Lou Holley Viser, and against the plaintiff, Neiman-Marcus Company, rejecting plaintiff's demands against her.
Reversed and rendered.