CHASEZ, Judge.
The plaintiff, J. D. Le Blanc, Inc. brought suit against the defendants, Lomar Construction Company and Mr. and Mrs. W. Perkins for the amount of $565.26, the purchase price of certain merchandise allegedly sold and delivered to the defendants, with legal interest thereon from judicial demand until paid.
Mrs. Leta Virginia Hunt Perkins judicially separated wife of, and Mr. William A. Perkins answered, setting up the defense that Lomar Construction Company was the purchaser of the merchandise, which merchandise was purchased to be installed in the residence being erected by Lomar Construction Company for the Perkins. The Perkins allegedly only advised the plaintiff of the merchandise to be furnished to Lomar Construction Company.
The defendants in the alternative also asserted a third-party claim against Lomar Construction Company and Henry L. Tilly (president of Lomar) for whatever amount the third-party plaintiffs should be held liable. Another party, Aurora Properties, Inc., was brought into the suit, but any claim as to it was subsequently abandoned and no issue is presented as to this defendant.
Lomar Construction Company and Henry L. Tilly never responded to the suit.
After hearing the evidence, the First City Court rendered judgment in favor' of the plaintiff against the Perkins for $565.26. Mr. and Mrs. Perkins were *428 given judgment for $258.00 against Lomar Construction Company for a "prior erroneous payment” made by the Perkins to the latter. Henry L. Tilly and Aurora Properties, Inc. were dismissed from the suit; Lomar Construction Company was dismissed from the demand of J. D. Le Blanc, Inc.; Mr. and Mrs. Perkins have .appealed.
.The merchandise which was sued upon was a room divider designated as an "Omni system,” composed of components containing shelf space, bookcases, etc. It is installed by means of spring poles which provide tension against the ceiling and floor, and it serves in lieu of an ordinary wall.
We find no error warranting reversal in the trial Court’s conclusions, which involved essentially matters of factual determination.
Testifjdng were Nan C. Molten, an employee of J. D. Le Blanc, Inc.; J. D. Le Blanc, president of the concern; and William Perkins.
Mr. and Mrs. Perkins were the parties who dealt directly with J. D. Le Blanc, Inc., through its employee, Nan C. Molten. The testimony is substantial that the plaintiff was instructed to bill Lomar Construction Company. But beyond this fact there is no proof of the actual agency relationship which the defendant plead in opposition to the plaintiff’s claim against them. No representative of Lomar Construction Company testified, nor does it appear from the evidence that there was any holding out of the Perkins as authorized to obtain merchandise for Lomar Construction Company, or subsequent ratification by the construction company. Furthermore, the plaintiff did not appear to be clearly apprised of an agency relationship. The •original invoice indicated that the goods were sold to Mr. and Mrs. Perkins and Lomar Construction Company. Also the goods were delivered to the residence and receipted for by Mrs. Perkins. The “Omni” system was to be used by the Perkins and the latter defendants did not sustain their burden of proving an agency in showing that they merely advised plaintiffs to bill Lomar Construction Company.
The actual purchase of the equipment through the efforts of Mr. and Mrs. Perkins is clear, and not disputed. The point to be decided, then, is not whether or not there actually was an agreement of purchase, but rather, whether Mr. and Mrs. Perkins are to be regarded as personally responsible in incurring the debt or not. Most of the authorities cited by counsel for the plaintiff are not apropos since they set forth requirements of proof of an agreement and are not directed to the special defense of agency. And the cases of Nieman-Marcus Company v. Viser, 140 So.2d 762 (La.App.1962), D. H. Holmes Co. v. Terry, 58 So.2d 840 (La.App.1952), and Goldring’s Inc. v. Seeling, 139 So.2d 538 (La.App.1962) all involved cases where the agency itself was clearly established.
The party claiming to have purchased as agent must establish that this capacity was made known to the seller, and also that an actual agency relationship existed by evidence beyond his own assertion.
The following authorities are pertinent in this regard: New Orleans Brewing Company v. Abraham Goldstein, 12 Orleans App. 323 (1915). S. A. Harvey v. Mrs. R. S. Hoyle et al., 14 Orleans App. 152 (1917). De Rouen v. Aiavolasiti, 121 So.2d 851 (La.App.1960). Guillory v. Courville, 158 So.2d 475 (La.App.1963).
The case of Wilson Sporting Goods Co. v. Alwes, 21 So.2d 102 (La.App.1945) makes the statement that the party dealing with a person acting as agent without authority must have been mislead for there to be personal liability on the part of the ostensible agent. The evidence shows that the plaintiff was not knowledgeable of precise relationships that existed between the Lomar Construction Company and the *429 Perkins, nor was that relationship shown by the defendants. Therefore, the Alwes case is considered inapplicable.
Offered into evidence was a statement, dated October 1, 1964, of extras to be added to the residence of Mr. and Mrs. Perkins and signed by Henry L. Tilly. Included was an item of $258.00, itemized as “J. D. Le Blanc (Room Divider).” This is not corroboration showing an agency on the part of the Perkins to have the Lomar Construction Company bear the purchase price. The statement says that the items “were provided and will be installed in your residence * * * as an extra charge.” Presumably $258.00 ■was the extra charge paid. Plowever the only testimony as to what this item was paid for was that of Mr. Perkins, which testimony was somewhat unclear. And the self-serving testimony that this was representative of the Lomar Construction Company’s assumption of the price of the merchandise is inadequate to establish that contention, especially in view of a compromise agreement dated March 26, 1965, to which Lomar Construction Company and Mr. and Mrs. Perkins were parties. That agreement makes mention of a dispute between the Lomar Construction Company and the Perkins over “compensation for charges in and additions to the construction” claimed by Lomar Construction Company.
From the foregoing, it appears to this court that the judgment awarding the full amount of the plaintiff’s claim against the Perkins should stand.
The Lomar Construction Company did not appeal the decision rendered against it in the amount of $258.00.
Mr. and Mrs. Perkins appealed as to this amount, asking for an increase to the full amount awarded to the plaintiff. We see no grounds upon which to base an increase of the award. As indicated from the evidence discussed, there was no proof sufficient to require that the trial court find that Lomar Construction Company was to bear the cost, and nothing appears in the original contract of construction or the subsequent compromise agreement to demand this result, as was alleged in the Perkins’ third-party petition.
The judgments are affirmed; appellants to bear the costs of this appeal.
Affirmed.